COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-567-CR

 

 

CHARLES THORN                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                            APPELLEE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 8 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

The trial court overruled Appellant Charles Thorn=s motion
to suppress and, upon Appellant=s plea
of nolo contendere, found him guilty of driving while intoxicated and further
found the allegation of an open container to be true.  The trial court sentenced Appellant to twelve
days=
confinement in county jail and assessed a fine of $400.  In one issue, Appellant challenges the trial
court=s denial
of his motion to suppress.  Because we
hold that the trial court did not err, we affirm the trial court=s
judgment.








Appellant filed a pretrial motion to suppress
pertaining to any and all evidence relating to his arrest.  Appellant describes his issue as a challenge
to the trial court=s denial of his motion to
suppress the fruits of his unlawful arrest without probable cause.  However, at the hearing on the motion on
August 27, 2004, he stated that the issue with which he was concerned was the
traffic stop, and the trial court restricted the testimony to that issue.  Because both his brief and the record make
clear that he is actually challenging the lawfulness of the original stop, that
is the issue we shall address.








Officer Murrah of the Fort Worth Police
Department testified at the hearing about the incident.  Officer Murrah had received a broadcast over
the MDC, a computer in his police car, from dispatch about an anonymous
concerned citizen following a suspected drunk driver.  The broadcast contained a general description
of the vehicle.  Murrah spotted a vehicle
that he believed could possibly be the suspect vehicle and began to follow
it.  He saw the car fail to use a turn
signal while moving from the far left lane to the far right lane of
approximately six lanes of traffic, and then he saw the right-hand tires of the
vehicle cross over the white line of the shoulder about four times and drive
close to a concrete wall.  Murrah
signaled the driver, Appellant, to pull over, and ultimately arrested Appellant
for driving while intoxicated.  The trial
court denied Appellant=s motion to suppress, Appellant
entered a plea of nolo contendere, the trial court convicted and sentenced him,
and Appellant timely appealed.

In one issue, Appellant argues that (1) there was
no probable cause to support his arrest, meaning the original stop or
detention, and (2) because he was arrested without a warrant and without
probable cause, his rights under the Fourth, Fifth, Sixth, and Fourteenth
Amendments to the Constitution of the United States were violated, as were his
rights under Article One, Sections Nine, Ten, and Nineteen of the Texas
Constitution and under article 38.23 of the Texas Code of Criminal
Procedure.  Appellant does not identify
the manner in which his rights under the state constitution differ from those
under the federal constitution.  As the
State points out, the Texas Court of Criminal Appeals has held that Texas
Constitution Article One, Section Nine offers no greater protection to an
individual than the Fourth Amendment to the federal constitution, but will be
interpreted independently.[2]  Further, when an appellant presents no
separate argument showing why the state constitution offers greater protection
from the federal constitution, the two constitutional protections will be
deemed identical for purposes of appeal.[3] 








The record shows that the officer did not pull
Appellant over because of the anonymous tip. 
Rather, it was the anonymous tip that aroused his interest in the car
matching the tipster=s description.  The officer followed the vehicle at a little
after midnight.  He observed the vehicle
change lanes without the driver=s
signaling the lane change.  As the
officer continued to follow the vehicle, he saw Appellant=s
vehicle cross the right white line shoulder marker on a ramp four separate
times while traveling from one-fourth to one-half of a mile.  The car passed within three to four feet of a
concrete wall on the far side of a shoulder. 
Section 545.058 of the Texas Transportation Code permits driving on an
improved shoulder to the right of the main traveled portion of the roadway only
if traveling on the shoulder is necessary and may be done safely.[4]
No evidence at the hearing reveals a necessity for Appellant=s
driving on the right shoulder.  Appellant
argues that there was no danger of his vehicle running into another vehicle,
but that is not the sole test.  Officer
Murrah believed that Appellant was close enough to the wall to constitute a
danger to himself.        








It is true that a police officer is required to
have only reasonable suspicion that an offense is occurring in his presence to justify
a temporary detention.[5]  In the case now before this court, however,
the officer observed violations of the transportation codeCfailure
to signal lane changes, driving on the shoulder, and driving on the shoulder
near a concrete wall.[6]  These traffic violations gave the police
officer probable cause to detain Appellant without a warrant, not merely
reasonable suspicion to temporarily detain him.[7]  Consequently, based on the applicable
standard of review,[8]
we overrule Appellant=s sole issue and affirm the
trial court=s judgment.

 

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  March 2, 2006











[1]See Tex. R. App. P.
47.4.





[2]Hulit v. State,
982 S.W.2d 431, 436 (Tex. Crim. App. 1998).





[3]Narvaiz v. State, 840 S.W.2d 415, 432 (Tex. Crim. App. 1992), cert. denied, 507
U.S. 975 (1993).





[4]Tex. Transp. Code Ann. ' 545.058(a) (Vernon 1999).





[5]Balentine v. State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).





[6]See Tex. Transp. Code Ann. ''
545.058(a), 545.060(a), 545.104(a) (Vernon 1999).





[7]See State v. Steelman, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002); see
also Tex. Code Crim. Proc. Ann.
art. 14.01(b) (Vernon 2005).





[8]See Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005).