Affirmed and Memorandum Opinion filed July 6, 2006









Affirmed and Memorandum Opinion
filed July 6, 2006.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00341-CR

_______________

 

ARNOLD
NICKLEBERRY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                                

On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 999,265

                                                                                                                                                

 

M E M O R A N D U M   O P I N I O N

 

            Arnold Nickleberry
appeals a conviction for aggravated robbery[1]
on the ground that the trial court abused its discretion by denying his motion
to suppress his videotaped confession because it was involuntary.  We affirm.

 class=Section2>

            Appellant’s sole issue
contends his confession was involuntary because the videotape shows that he was
nervous, not in full control of his thinking ability, and “obviously high on
crack cocaine.”[2]

            We review a trial court’s
ruling on a motion to suppress evidence for abuse of discretion.  Swain v.
State, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005), petition for cert.
filed, ___ U.S.L.W. ___ (U.S. Apr. 25, 2006) (No. 05-11514).  When
reviewing a trial court's ruling on a mixed question of law and fact, we review
the trial court's application of the law to the facts of the case de novo. 
Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005). 
However, we afford almost total deference to the trial court's determinations
of historical facts that involve an evaluation of the credibility and demeanor
of the witnesses.  Masterson v. State, 155 S.W.3d 167, 170 (Tex. Crim.
App. 2005), cert. denied, 74 U.S.L.W. 3471 (U.S. Feb. 21, 2006) (No.
04-10283).

            A defendant in a criminal
case is deprived of due process of law if his conviction is founded, in whole
or in part, upon an involuntary confession, without regard for the truth or
falsity of the confession, and even though there is ample evidence aside from
the confession to support the conviction.[3] 
Sells v. State, 121 S.W.3d 748, 767 (Tex. Crim. App. 2003). 
Intoxication, while relevant, does not render a confession involuntary per se. 
Jones v. State, 944 S.W.2d 642, 651 (Tex. Crim. App. 1996).  Instead,
the question becomes whether the defendant’s intoxication rendered him
incapable of making an independent, informed decision to confess.  Id.

            In this case, the trial
court found in its findings of fact and conclusions of law that appellant: (1)
failed to present any evidence of coercive or improper police conduct; (2) was 




 








interviewed at a reasonable time in
the morning, the interview took approximately six minutes, and was not unduly
prolonged; (3) was not deprived of any basic necessities; (4) was properly
advised of his legal rights in conformity with Miranda and article
38.22, § 2(a) of the Code of Criminal Procedure prior to his videotaped
statements; (5) did not appear intoxicated as a result of ingestion of alcohol,
controlled substances, or drugs of any type at the time of the videotaped
interview; (6) did not appear to experience and did not display symptoms of any
type of withdrawal from alcohol or other controlled substances at the time of
the videotaped interview; (7) was not incapable of making an independent and
informed decision to confess to the charged crime at the time of the videotaped
interview; (8) was competent to understand and waive his legal rights at the
time of the videotaped interview; and (9) knowingly, intelligently, and
voluntarily waived his legal rights under article 38.22, § 2(a) of the Code of
Criminal Procedure prior to and during his videotaped interview, and freely and
voluntarily gave all statements made on the videotape.

            The videotape shows that:
(1) Sergeant Madden read appellant the required statutory warnings [4]
and asked appellant whether he understood his legal rights; (2) appellant
indicated that he understood his rights and described how he committed the
aggravated robbery; and (3) appellant stated that he robbed the complainant of
his car because he wanted to sell the car to a “dope dealer” for “some crack”
since he had a “crack habit.”  In addition, Sergeant Madden testified at the
suppression hearing that appellant: (1) understood his legal rights; (2) wanted
to waive his rights; (3) was very remorseful; and (4) did not appear to be
under the influence of any narcotic drugs or alcohol.  Contrary to appellant’s
wholly unsupported characterizations of his demeanor on the tape, we find
nothing on it indicating that appellant appeared “high” or otherwise physically
or mentally impaired.  Because appellant’s sole issue thus fails to demonstrate
that the trial court erred in denying his motion to suppress, it is overruled,
and the judgment of the trial court is affirmed.

 

 

 

                                                                                    

                                                                        /s/        Richard
H. Edelman

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed July 6, 2006.

Panel consists of Justices Anderson,
Edelman, and Frost.

Do not publish — Tex. R. App. P. 47.2(b).









[1]A
jury found appellant guilty of the offense and assessed punishment at 28 years
confinement.





[2]Appellant
did not testify at the suppression hearing and cited no portion of the tape or
any other evidence to support this claim.





[3]The
requirement that a confession be voluntary to be admitted into evidence is
based on the Fifth Amendment right against self-incrimination and the Due
Process Clause of the Fourteenth Amendment.  Dickerson v. U.S., 530 U.S. 428, 433 (2000).





[4]See
Tex. Code Crim. Proc. Ann. art.
38.22, § 2(a) (Vernon 2005).