OPINION
 

 MEYERS, J.,
 

 delivered the opinion of the Court,
 

 in which PRICE, WOMACK, JOHNSON, HERVEY, HOLCOMB, and COCHRAN, JJ., join.
 

 Appellant pled guilty to possession of two ounces or less of marijuana and was sentenced to 3 days in jail and a $350.00 fine. On appeal, Appellant claimed that the trial court erred in denying her motion to suppress evidence found during a war-rantless entry into her residence. The Eighth Court of Appeals held that there was no probable cause for a warrantless search of the home, and reversed and remanded Appellant’s conviction. We will reverse.
 

 I. Facts
 

 On January 12, 2002, Officer Raymond Baladez of the Ector County Sherrifs Office responded to a call complaining of loud music and vehicles traveling at high speeds up and down a road next to Appellant’s house. When Officer Baladez drove up to the house, he testified that he observed two people who appeared to be minors running into the residence from a car parked in the driveway. Upon closer inspection, Officer Baladez discovered cups containing alcoholic beverages on the hood of the car. When he went to the residence to investigate, he banged on the door several times and identified himself as a sheriff, but there was no answer. Officer Bala-dez also testified that he was able to hear voices and people running inside the house, but could not get a response at the door, nor on the telephone when he asked his dispatch to call the residence.
 

 At this time, Officer Baladez went back to his car at the end of the driveway.
 
 *592
 
 While he was in his car, he received a call to investigate an anonymous tip of shots being fired in a nearby area. He responded to the call, and found no evidence of any disturbance. Officer Baladez testified that he suspected the anonymous tip had been made by people inside the Appellant’s residence in order to provide themselves with an opportunity to exit without being detected. When he went back to the residence, he saw two vehicles exiting the driveway at a high rate of speed. When Officer Baladez stopped the vehicles, he discovered that both of the occupants were 18 years of age, and smelled alcohol and marijuana on their breath and clothes. The minors told Officer Baladez that they had been drinking alcoholic beverages at Appellant’s house. Officer Baladez then instructed the two minors to back their cars into Appellant’s driveway. At this point, Officer Baladez testified that Appellant walked out of her house and down to the gate at the end of the driveway, which she then opened. Officer Baladez indicated that he could also smell alcohol and marijuana on Appellant, and said Appellant told him that she had not answered the door earlier because she did not want to go to jail.
 

 Officer Baladez proceeded to follow Appellant up the driveway to the door of the residence, which Appellant opened. Officer Baladez testified that he could smell a strong odor of marijuana emanating from the residence. Officer Baladez then stated that he “stepped up onto the door jam” because there were a number of other people in the residence and he wanted to be able to see them for his safety. When he stepped into the doorway to observe the other people in the residence, he saw an ashtray in the living room which appeared to contain the remnants of marijuana cigarettes. Officer Baladez then walked through the residence to locate the other people inside, and in doing so noticed marijuana on the floor of a bedroom. After questioning the other people in the house, Officer Baladez placed Appellant under arrest for possession of marijuana in the amount of two ounces or less.
 

 Appellant timely filed a Motion to Suppress Evidence alleging that her rights were violated as a result of an illegal search and seizure without a warrant, probable cause, or other lawful authority pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as well as in violation of Article I, Sections 9, 10 and 19 of the Texas Constitution. After a hearing on the motion, at which both Appellant and Officer Baladez testified, the trial court denied Appellant’s motion to suppress, holding that Officer Baladez had sufficient probable cause to investigate the situation, and that there were exigent circumstances present that permitted him to enter the residence without a warrant.
 

 II. Appellate Decision and Grounds for Review
 

 The Eighth Court of Appeals reversed the decision of the trial court. The court of appeals, relying on our decision in
 
 State v. Steelman,
 

 [1]
 

 held that although there were facts that may have been sufficient to establish probable cause necessary for procuring a warrant, in this instance, the facts were not of such a character as to allow a warrantless search of the home.
 
 [2]
 
 The court of appeals held that according to
 
 Steelman,
 
 the odor of marijuana alone does not constitute the probable cause necessary for a warrantless search and seizure in a home.
 
 [3]
 
 We granted review on
 
 *593
 
 two grounds: first, did the court of appeals err in holding, in effect, that the odor of marijuana coming out of a house is not sufficient to establish probable cause for a warrantless search of the house? Second, did the court of appeals err in holding that the evidence in this case did not rise to the level necessary to support a warrantless search of the house?
 

 The State argues that the court of appeals incorrectly applied
 
 Steelman
 
 to this case, and that
 
 Steelman
 
 holds only that the odor of burning marijuana coming from a house did not give officers probable cause to believe that a person coming from that house committed the offense of possession of marijuana in their presence. It asserts that this Court held the search was illegal in
 
 Steelman
 
 because there was no probable cause to arrest, and the search was incident to the arrest; not because the officers lacked probable cause to believe that marijuana was present in the house. Appellant asserts that the court of appeals’ decision was correctly reasoned, and that in order to conduct a warrantless search of someone’s home, there must be probable cause plus exigent circumstances. Appellant argues that in the instant case, neither were present.
 

 III. Standard of Review
 

 When reviewing a trial court’s ruling on a mixed question of law and fact (as is the determination of probable cause in the pretrial suppression hearing in this case), the court of appeals may review
 
 de novo
 
 the trial court’s application of the law of search and seizure to the facts of the case.
 
 [4]
 
 We review
 
 de novo
 
 the application of the law to facts in this case, but we also afford almost total deference to the trial court’s evaluation of the credibility and demeanor of the witnesses who testified at the pre-trial hearing. When there are no explicit findings of historical fact, the evidence must be viewed in the light most favorable to the trial court’s ruling.
 
 [5]
 
 The trial court’s ruling must be upheld if it is correct under any theory of law applicable to the case.
 
 [6]
 

 IV.
 
 State v. Steelman
 

 To begin our analysis of this case, it is necessary to first review the facts of the
 
 Steelman
 
 case, as this was the primary Texas case relied on by the court of appeals, as well as both parties in their respective briefs. In
 
 Steelman,
 
 police officers received an anonymous tip that the defendant and others may have been dealing drugs at the defendant’s residence.
 
 [7]
 
 Three officers were sent to the residence, and when they arrived, looked into the window. The officers saw no evidence of illegal activity, however, they did observe four men sitting inside the residence. The officers then knocked on the front door and the defendant opened the door, stepped outside, and closed the door behind him. When the defendant did this, the officers smelled burning marijuana emanating from inside the residence. They asked the defendant for his identification, and he went inside to retrieve it, attempting to close the door behind him.
 
 [8]
 
 
 *594
 
 Before he could do this, however, an officer placed his foot inside the doorway and the officers entered the residence, handcuffing all four of the occupants inside and placing them under arrest. Subsequently, a search warrant was obtained based on the officers assertion that they had probable cause to believe the defendants were in possession of marijuana. With this search warrant, the officers then searched the house two hours after the arrest and found marijuana.
 
 [9]
 
 Based on the above fact scenario, we held in
 
 Steelman
 
 that:
 

 The mere odor of burning marijuana did not give the officers probable cause to believe that [defendant] had committed the offense of possession of marijuana in their presence. The odor of marijuana, standing alone, does not authorize a warrantless search and seizure in a home.
 
 [10]
 

 Appellant argues that based on the
 
 Steelman
 
 case, the court of appeals was correct in holding that the odor of marijuana coming out of a house is not enough to establish probable cause for a warrantless search of the house. We disagree. Our holding in
 
 Steelman
 
 does not support the proposition that marijuana odors alone cannot constitute probable cause for a war-rantless search. Rather,
 
 Steelman
 
 holds that the mere odor of marijuana does not constitute the probable cause necessary for police to arrest someone for committing an offense in their presence. In other words, just because the officers in the
 
 Steelman
 
 case smelled marijuana, without any other evidence, they did not have probable cause to suspect that the defendant, one of four people in the house, was committing the offense of possession of marijuana in their presence so that they could arrest him without a warrant.
 
 [11]
 

 There is, however, a distinction between what is necessary to establish probable cause, and what is required for an officer to conduct a warrantless search of an individual’s residence. In
 
 Steelman,
 
 we held that the odor of marijuana alone is not enough to allow officers to conduct a war-rantless search. This is because it is clear under both United States constitutional law and Texas constitutional law that a warrantless search of a residence is illegal unless probable cause exists in combination with exigent circumstances.
 
 [12]
 

 V. Probable Cause
 

 Though it is clear that odor alone may not justify a warrantless search, the State argues that odor alone may be enough to establish probable cause, which in combination with exigent circumstances could justify a warrantless search. This Court has set forth the following probable cause standard for searches:
 

 
 *595
 
 Probable cause to search exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence of a crime will be found.
 
 [13]
 

 The Supreme Court has further defined the probable-cause standard as the sum total of layers of information, and not merely individual layers and considerations, that a reasonable and prudent man acts upon.
 
 [14]
 
 In this case, the court of appeals failed to consider the sum total of information on the part of Officer Baladez, instead misapplying our holding in
 
 Steel-man
 
 to the facts in this case by declaring that the odor of marijuana does not constitute probable cause, therefore rendering the ensuing search illegal. The court of appeals declared that “the fact that Bala-dez smelled marijuana on [Appellant], in addition to smelling it emanating from the house, does not contribute to the probable cause analysis.”
 
 [15]
 
 However, the odor of marijuana in this case was indeed an element or layer in determining whether Officer Baladez had probable cause to believe an offense was being committed. The “odor of an illegal substance” may be a factor that police officers use in determining whether there is probable cause that an offense has been or is being committed.
 
 [16]
 

 In addition to the odor of marijuana, Officer Baladez observed minors under the influence of alcoholic beverages. These minors in fact told the officer that they and other minors had been consuming alcohol and smoking marijuana inside Appellant’s house. This evidence, in addition to the smell of marijuana on Appellant and emanating from Appellant’s house, viewed in the light most favorable to the trial court’s ruling, is enough to establish that there was probable cause for Officer Bala-dez to believe that a crime had been or was being committed, and that evidence of that crime would be found.
 

 For this reason, we hold that the court of appeals erred by holding that according to
 
 Steelman,
 
 the odor of marijuana coming out of the house, along with the other observations made by Officer Baladez, did not establish probable cause to search the house.
 

 VI. Exigent Circumstances
 

 We now turn to the question of whether the evidence of exigent circumstances in this case was sufficient to support a warrantless search of the house. In order to support a warrantless search, probable cause, in combination with some sort of exigent circumstances, must exist.
 
 [17]
 
 In the instant case, the trial court found, and we uphold, that Officer Baladez had probable cause to believe offenses were being committed in the Appellant’s residence based on, among other things, the odor of marijuana on the Appellant and her friends, and the odor emanating from the house. Thus, the second inquiry for the trial court became whether exigent circumstances existed to permit the war-rantless entry and search by Officer Bala-dez. The court of appeals failed to take
 
 *596
 
 into account the trial court’s finding that there was evidence from the witnesses which it believed established exigent circumstances for a warrantless search.
 
 [18]
 

 Officer Baladez testified before the trial court that he could hear people inside the house who did not answer when he knocked and identified himself as a police officer. He also testified that there were several persons attempting to leave the residence before he returned to investigate further. Based on this testimony, the trial court could reasonably have found that the warrantless search was justified by the need to prevent destruction of evidence or contraband in the time it would have taken for him to procure a warrant.
 
 [19]
 
 In addition, Officer Baladez stated that the reason he stepped up into the doorway of the Appellant’s residence was because he had information from Appellant’s friends that there were a number of peo^ pie inside the house, and he wanted to be able to see and identify them for his safety as he investigated the situation. The trial court evaluated this testimony as well, and could reasonably have found that exigent circumstances existed that allowed the officer to protect himself from people he believed were present and may have been armed or dangerous.
 
 [20]
 

 We defer to the trial court’s evaluation of the witnesses’ credibility and demeanor during their testimony as to the circumstances on the night in question. We conclude that the trial court did not abuse its discretion in finding that exigent circumstances were present. Thus, the trial judge did not err in failing to suppress the marijuana evidence discovered by Officer Baladez upon his warrantless entry into the residence.
 

 For these reasons, we hold that the trial court properly denied Appellant’s motion to suppress, and reverse the decision of the court of appeals.
 

 KELLER, P.J., and KEASLER, J., concurred in the judgment.
 

 [1]
 

 . 93 S.W.3d 102 (Tex.Crim.App.2002).
 

 [2]
 

 . Estrada v. State,
 
 116 S.W.3d 370, 373-74 (Tex.App.-El Paso 2003)
 
 pet. granted.
 

 [3]
 

 . Id.
 
 at 374.
 

 [4]
 

 .
 
 Guzman v. State,
 
 955 S.W.2d 85, 87 (Tex.Crim.App.1997).
 

 [5]
 

 .
 
 State v. Ross,
 
 32 S.W.3d 853, 855 (Tex.Crim.App.2000)("w]hen the trial court falls to file findings of fact, we view the evidence in the light most favorable to the trial court’s ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record.”).
 

 [6]
 

 .
 
 Romero v. State,
 
 800 S.W.2d 539, 543-44 (Tex.Crim.App.1990).
 

 [7]
 

 .
 
 State v. Steelman,
 
 93 S.W.3d 102, 104 (Tex.Crim.App.2002).
 

 [8]
 

 .
 
 Id.
 
 at 105.
 

 [9]
 

 .
 
 Id.
 

 [10]
 

 .
 
 Id.
 
 at 108.
 

 [11]
 

 .
 
 Id.
 
 at 109.
 

 [12]
 

 .
 
 See McGee v. State,
 
 105 S.W.3d 609, 615 (Tex.Crim.App.2003)("Pursuant to the Fourth Amendment, a warrantless search of either a person or property is considered per se unreasonable subject to a 'few specifically defined and well established exceptions.' The Supreme Court has held that voluntary consent to search, search under exigent circumstances, and search incident to arrest are among these exceptions.”)(quoting
 
 Minnesota v. Dickerson,
 
 508 U.S. 366, 372, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993)).
 
 See also McNairy v. State,
 
 835 S.W.2d 101, 107 (Tex.Crim.App.1991) ("if probable cause is present, the inquiry becomes whether exigent circumstances existed to obviate the need for a search warrant and justify the initial warrant-less entry....") Exigent circumstances justifying a warrantless entry include 1) rendering aid or assistance to persons whom the officers reasonably believe are in need of assistance; 2) preventing destruction of evidence or contraband; and 3) protecting the officers from persons whom they reasonably believe to be present and armed and dangerous.
 
 Id.
 

 [13]
 

 .
 
 McNairy,
 
 835 S.W.2d 101;
 
 Washington v. State,
 
 660 S.W.2d 533, 535 (Tex.Crim.App.1983).
 

 [14]
 

 .
 
 Brinegar v. United States,
 
 338 U.S. 160, 176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).
 

 [15]
 

 .
 
 Estrada v. State,
 
 116 S.W.3d 370, 374 (Tex.App.-El Paso 2003).
 

 [16]
 

 .
 
 McGee v. State,
 
 105 S.W.3d 609, 614 (Tex.Crim.App.2003);
 
 Hattersley v. State,
 
 487 S.W.2d 354, 356 (Tex.Crim.App.1972); Ch
 
 avez
 
 v.
 
 State,
 
 769 S.W.2d 284, 287-88 (Tex.App.-Houston [1st Dist.] 1989,
 
 writ ref
 
 'd).
 

 [17]
 

 .
 
 McNairy,
 
 835 S.W.2d 101, 107.
 

 [18]
 

 . Indeed, the trial court stated at the conclusion of the hearing, right before denying Appellant’s motion to suppress: "I think that there were sufficient exigent circumstances to permit his entry into the home where the marijuana was in plain view."
 

 [19]
 

 .
 
 See McNairy,
 
 835 S.W.2d 101, 107.
 

 [20]
 

 .
 
 Id.