Affirmed and Memorandum Opinion filed February 7, 2006









Affirmed and Memorandum Opinion filed February 7, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-01142-CR

_______________

 

DREAGLEN SYLVESTER DAVIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

________________________________________________________

 

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 986,106

________________________________________________________

 

M E M O R A N D U M  
O P I N I O N

 

Dreaglen
Sylvester Davis appeals a conviction for aggravated robbery[1]
on the ground that the trial court erroneously denied his motion to suppress
four written confessions because he did not voluntarily waive his
constitutional rights.[2]  We affirm.








Appellant=s two issues contend that his written
confession of the charged offense, admitted during the guilt phase of trial,
and his written confessions of additional aggravated robberies, admitted during
the punishment phase of trial, were coerced by physical abuse, false promises
of leniency, assurances that the statements would not be used in court,
Detective Eta=s failure to take appellant before a
magistrate prior to interviewing him,[3]
and his lack of understanding of the word Awaive.@

When
reviewing a trial court's ruling on a mixed question of law and fact, we review
the trial court's application of the law to the facts of the case de novo.  Estrada v. State, 154 S.W.3d
604, 607 (Tex. Crim. App. 2005). 
However, we afford almost total deference to the trial court's
determinations of historical facts that involve an evaluation of the
credibility and demeanor of the witnesses. 
Masterson v. State, 155 S.W.3d 167, 170 (Tex. Crim. App. 2005), petition
for cert. filed, __ U.S.L.W. __ (U.S. May 3, 2005) (No. 04‑10283). The
trial court is the sole fact-finder at a hearing on the voluntariness of a
confession and may choose to believe or disbelieve any or all of the witnesses'
testimony.  Sells v. State, 121
S.W.3d 748, 767 (Tex. Crim. App. 2003). 
We are not at liberty to disturb any finding that is supported by the
record.  Id.

A
defendant in a criminal case is deprived of due process of law if his
conviction is founded, in whole or in part, upon an involuntary confession,
without regard for the truth or falsity of the confession, and even though
there is ample evidence aside from the confession to support the
conviction.  Id.  A confession is involuntary or coerced if the
totality of the circumstances demonstrates that the confessor did not make the
decision to confess of his own free will. 
Green v. State, 934 S.W.2d 92, 99 (Tex. Crim. App. 1996).








In
this case, at the suppression hearing during the guilt phase of trial,
Detective Eta testified that: (1) he saw appellant for the first time at the
Harris County jail at around 7:00 or 7:30 p.m. after appellant had arrived from
Laredo, Texas; (2) appellant did not tell Eta that he was tired from his trip,
appellant looked fine, and Eta was not aware of any mistreatment appellant might
have suffered in Laredo; (3) Eta offered appellant something to eat and
appellant ate a sandwich and drank some milk; (4) appellant was uncuffed while
he was eating; (5) Eta read appellant his rights as provided in article 38.22,
section 2(a), of the Code of Criminal Procedure;[4]
(6) Eta did not make threats, innuendos, suggestions, or do anything to make
appellant give his statement against his own will; (7) appellant indicated that
he understood his rights and admitted committing the offense; (8) appellant
gave his first statement around 8:15 p.m., which was typed out by Eta but
reviewed and edited by appellant; (9) appellant understood waiving his rights
and initialed the waiver of each of his rights on the written form; and (10)
Eta did not tell appellant he would not use the statements against appellant.

Conversely,
appellant testified that: (1) Eta promised to help him get a short sentence if
he gave a confession; (2) Eta told him the confession would not be used in
court; (3) he suffered physical abuse at the Laredo jail, was not allowed to
eat during his trip from Laredo to Houston, and was handcuffed during the
interrogation, which strained his 350 pound body; and (4) he did not understand
the meaning of the word Awaive@ at the time he made the statement and thought that the word
meant to wave at someone.

After
hearing Eta=s and appellant=s testimony, the trial court denied
appellant=s motion to suppress and made the
following finding: A[appellant] . . . freely and voluntarily waived the rights
after he was given those rights in very clear and unequivocal language.  I find [appellant=s] testimony to be incredible, I find
the testimony of the detective that testified to be credible, and [appellant=s] motion will be denied.@








At
the suppression hearing during the punishment phase of trial,[5]
Detective Eta reiterated that: (1) he saw appellant for the first time at the
Harris County jail at around 7:00 or 7:30 p.m. after appellant had arrived from
Laredo, Texas and asked appellant if he was willing to speak to him about cases
he was investigating, to which appellant agreed; (2) appellant never complained
to him or anyone else at the Harris County Sheriff=s Department that he had been
mistreated in Laredo; (3) Eta provided appellant with food, drink, and an
opportunity to use the restroom; (4) appellant arrived handcuffed but was
uncuffed when he was received into the processing center and remained so; (5)
Eta read appellant his rights as provided in article 38.22, section 2(a), of
the Code of Criminal Procedure;[6]
(6) he did not threaten, promise, coerce, intimidate or do anything that would
cause appellant to make statements against his will; (7) appellant was
comfortable and didn=t ask for anything; in fact, appellant called his mother=s house; (8) appellant made the
statements voluntarily because he stated AI ain=t tripping,@ after Eta advised him of his rights;
(9) appellant initialed the statements and also initialed that Eta did not
coerce, promise or offer him any rewards to induce his signature; (10)
appellant understood the warnings and statements he made and even made changes
in his handwriting to some of his statements; (11) Eta did not tell appellant
that the statements would not be used against appellant; and (12) appellant
never told Eta that he wanted to talk to an attorney.

Appellant=s brief does not cite any of his
testimony or other evidence from the suppression hearing during the punishment
phase to support his claims.  Because the
record in this case supports the trial court=s denial of appellant=s motions to suppress, his two issues
are overruled, and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice








 

Judgment rendered
and Memorandum Opinion filed February 7, 2006.

Panel consists of
Justices Anderson, Edelman and Frost.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           A jury
found appellant guilty of the offense and assessed punishment at 55 years= confinement.





[2]           The
requirement that a confession be voluntary to be admitted into evidence is
based on the Fifth Amendment right against self-incrimination and the Due
Process Clause of the Fourteenth Amendment. 
Dickerson v. U.S., 530 U.S. 428, 433 (2000).





[3]           Prior
to making a statement, an accused must receive a warning from either a
magistrate or the person to whom the statement is made.  Tex. Code Crim. Proc. Ann.
art. 38.22 ' 2(a) (Vernon 2005). 
It is not required that an accused be brought before a magistrate before
being interviewed.  See id.  





[4]           See
Tex. Code Crim. Proc. Ann. art.
38.22 ' 2(a).





[5]           The
record does not indicate why two suppression hearings were held.





[6]           See
Tex. Code Crim. Proc. Ann. art.
38.22 ' 2(a).