Thorn v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-567-CR

CHARLES THORN APPELLANT

V.

THE STATE OF TEXAS APPELLEE

------------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The trial court overruled Appellant Charles Thorn’s motion to suppress and, upon Appellant’s plea of nolo contendere, found him guilty of driving while intoxicated and further found the allegation of an open container to be true.  The trial court sentenced Appellant to twelve days’ confinement in county jail and assessed a fine of $400.  In one issue, Appellant challenges the trial court’s denial of his motion to suppress.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

Appellant filed a pretrial motion to suppress pertaining to any and all evidence relating to his arrest. 
 Appellant describes his issue as a challenge to the trial court’s denial of his motion to suppress the fruits of his unlawful arrest without probable cause.  However, at the hearing on the motion on August 27, 2004, he stated that the issue with which he was concerned was the traffic stop, and the trial court restricted the testimony to that issue.  
Because both his brief and the record make clear that he is actually challenging the lawfulness of the original stop, that is the issue we shall address.

Officer Murrah of the Fort Worth Police Department testified at the hearing about the incident.  
Officer Murrah had received a broadcast over the MDC, a computer in his police car, from dispatch about an anonymous concerned citizen following a suspected drunk driver.  The broadcast contained a general description of the vehicle.  Murrah spotted a vehicle that he believed could possibly be the suspect vehicle and began to follow it.  He saw the car fail to use a turn signal while moving from the far left lane to the far right lane of approximately six lanes of traffic, and then he saw the right-hand tires of the vehicle cross over the white line of the shoulder about four times and drive close to a concrete wall.  Murrah signaled the driver, Appellant, to pull over, and ultimately arrested Appellant for driving while intoxicated.  The trial court denied Appellant’s motion to suppress, Appellant entered a plea of nolo contendere, the trial court convicted and sentenced him, and Appellant timely appealed.

In one issue, Appellant argues that (1) there was no probable cause to support his arrest, meaning the original stop or detention, and (2) because he was arrested without a warrant and without probable cause, his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States were violated, as were his rights under Article One, Sections Nine, Ten, and Nineteen of the Texas Constitution and under article 38.23 of the Texas Code of Criminal Procedure.  Appellant does not identify the manner in which his rights under the state constitution differ from those under the federal constitution.  As the State points out, the Texas Court of Criminal Appeals has held that Texas Constitution Article One, Section Nine offers no greater protection to an individual than the Fourth Amendment to the federal constitution, but will be interpreted independently.
(footnote: 2)  Further, when an appellant presents no separate argument showing why the state constitution offers greater protection from the federal constitution, the two constitutional protections will be deemed identical for purposes of appeal.
(footnote: 3) 

The record shows that the officer did not pull Appellant over because of the anonymous tip.  Rather, it was the anonymous tip that aroused his interest in the car matching the tipster’s description.  The officer followed the vehicle at a little after midnight.  He observed the vehicle change lanes without the driver’s signaling the lane change.  As the officer continued to follow the vehicle, he saw Appellant’s vehicle cross the right white line shoulder marker on a ramp four separate times while traveling from one-fourth to one-half of a mile.  The car passed within three to four feet of a concrete wall on the far side of a shoulder.  Section 545.058 of the Texas Transportation Code permits driving on an improved shoulder to the right of the main traveled portion of the roadway only if traveling on the shoulder is necessary and may be done safely.
(footnote: 4) No evidence at the hearing reveals a necessity for Appellant’s driving on the right shoulder.  Appellant argues that there was no danger of his vehicle running into another vehicle, but that is not the sole test.  Officer 
Murrah
 believed that Appellant was close enough to the wall to constitute a danger to himself.   

It is true that a police officer is required to have only reasonable suspicion that an offense is occurring in his presence to justify a temporary detention.
(footnote: 5)  In the case now before this court, however, the officer observed violations of the transportation code—failure to signal lane changes, driving on the shoulder, and driving on the shoulder near a concrete wall.
(footnote: 6)  These traffic violations gave the police officer probable cause to detain Appellant without a warrant, not merely reasonable suspicion to temporarily detain him.
(footnote: 7)  Consequently, based on the applicable standard of review,
(footnote: 8) we overrule Appellant’s sole issue and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 2, 2006

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Hulit v. State
, 982 S.W.2d 431, 436 (Tex. Crim. App. 1998).

3:
Narvaiz v. State
, 840 S.W.2d 415, 432 (Tex. Crim. App. 1992), 
cert. denied
, 507 U.S. 975 (1993).

4:
Tex. Transp. Code Ann.
 § 545.058(a) (Vernon 1999).

5:
Balentine v. State
, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).

6:
See
 
Tex. Transp. Code Ann.
 §§ 545.058(a), 545.060(a), 545.104(a) (Vernon 1999).

7:
See State v. Steelman
, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002); 
see also
 
Tex. Code Crim. Proc. Ann.
 art. 14.01(b) (Vernon 2005).

8:
See Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005)
.