THOMPSON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-362-CR

JULIO EDWARD THOMPSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Julio Edward Thompson appeals his conviction for driving while intoxicated (DWI).  In a single point, appellant complains that the trial court improperly denied his motion to suppress the evidence of DWI that the police obtained as a result of an unlawful traffic stop made outside the police officer’s jurisdiction.  We affirm.

The facts of this case are well known to the parties, and the law is well settled.

Arlington Police Officer Chad Hickey observed appellant driving a car within the Arlington city limits at “about a hundred miles an hour” in a sixty-mile-per-hour zone.  Officer Hickey immediately began pursuing appellant for speeding.  By the time appellant stopped, he had left Arlington and entered Fort Worth. 

While conversing with appellant after the stop, Officer Hickey smelled alcohol on appellant’s breath.  The officer then conducted a DWI investigation and arrested appellant for DWI.  Appellant moved to suppress the evidence of DWI that Officer Hickey had obtained as a result of the stop, contending that the stop and arrest were unlawful because they were made outside Officer Hickey’s jurisdiction. 

Under the hot pursuit doctrine, a police officer may arrest a person outside the officer’s jurisdiction if the pursuit began within the officer’s geographical boundary and the pursuit was lawfully initiated on the ground of suspicion.
(footnote: 2)  Here, Officer Hickey lawfully initiated his pursuit of appellant in the officer’s jurisdiction of Arlington after observing appellant speeding in Arlington.
(footnote: 3)  Therefore, Officer Hickey’s eventual stop of appellant in Fort Worth was lawful under the hot pursuit doctrine,
(footnote: 4) and the trial court properly denied appellant’s motion to suppress the evidence of DWI that Officer Hickey obtained as a result of the stop.
(footnote: 5)  Accordingly, we overrule appellant’s point and affirm the trial court’s judgment.

PER CURIAM

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  April 13, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Yeager v. State,
 104 S.W.3d 103, 107 (Tex. Crim. App. 2003). 

3:
See
 
Tex. Code Crim. Proc. Ann.
 art. 14.01(b) (Vernon 2005); 
Armitage v. State,
 637 S.W.2d 936, 939 (Tex. Crim. App. 1982).

4:
See Yeager,
 104 S.W.3d at 107; 
George v. State,
 No. 02-04-00275-CR, 2005 WL 3008437, at *3 (Tex. App.—Fort Worth Nov. 10, 2005, pet. ref’d).  Appellant’s reliance on 
State v. Kurtz,
 152 S.W.3d 72 (Tex. Crim. App. 2004), is misplaced because the officer in that case was not within his jurisdiction when he observed the traffic violation that resulted in the stop.  
Id.
 at 73, 77.

5:
See
 
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005)
 (setting out standard of review).