COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CLARENCE RANDALL MERRILL, | § | No. 08-09-00216-CR |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | 355th District Court |
| | § | |
| THE STATE OF TEXAS, | § | of Hood County, Texas |
| | § | |
| Appellee. | § | (TC# CR11047) |
| | § | |

**O P I N I O N**

On appeal, Appellant challenges the trial court's denial of a motion to suppress evidence discovered during the course of a pat-down search. Following a jury trial, Appellant was convicted for possession of a controlled substance, methamphetamine, more than four (4) grams but less than 200 grams. Appellant was sentenced by the jury at 99 years' in the Texas Department of Criminal Justice and $10,000 fine.

On May 21, 2008, Texas Department of Public Safety Trooper Mark McNiel noticed a vehicle speeding westbound on Highway 377. The officer activated his squad lights and stopped the vehicle. In response to the officer's questions, Appellant admitted he was driving without a license and that he had recently been arrested for possession of marijuana. Trooper McNiel asked Appellant to exit the vehicle and noticed a large bulge in Appellant's pocket. The officer asked for consent to pat him down. Appellant consented.

While patting down Appellant, Trooper McNiel testified that the bulge in Appellant's

front pocket felt like a "baggie."  When questioned, Appellant said it could be a "smoke pipe." The officer reached into Appellant's pocket and took out a bag full of methamphetamine.

In his sole point of error, Appellant contends that the warrantless search of his person was unlawful under the Fourth and Fourteenth Amendments to the United States Constitution, and under Article I, section 9 of the Texas Constitution.  We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review.  *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).  Almost total deference is given to a trial court's rulings on questions of fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review *de novo* application-of-law-to-fact questions that do not turn on credibility and demeanor.  *Estrada v. State*, 154 S.W.3d 604, 607 (Tex.Crim.App. 2005).

"The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable case, supported by oath or affirmation."  TEX.CONST. art. I, § 9.  An officer can detain a person if the officer can articulate a reasonable suspicion that the driver has committed a crime or is about to commit a crime.  *Florida v. Royer*, 460 U.S. 491, 498, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983).  Officers can rely on their own training and experience to reach this conclusion.  *U.S. v. Cortez*, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981).  The authority to investigate suspected criminal activity may include the authority to conduct a pat-down search for officer safety.  *Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). The purpose of a pat-down search is to find weapons that might put the officer or other

bystanders in danger, although it may result in the discovery of evidence. *Minnesota v. Dickerson*, 508 U.S. 366, 373-74, 113 S.Ct. 2130, 2136, 124 L.Ed.2d 334 (1993). Sometimes a pat-down search can lead to probable cause to search for contraband. *Id.* If during a pat-down search, the officer identifies an object that the officer can articulate feels like contraband, the officer has the right to reach into the person's pocket and retrieve the suspicious item. *Dickerson*, 508 U.S. at 374, 113 S.Ct. at 2136; *Carmouche v. State*, 10 S.W.3d 323, 330 (Tex.Crim.App. 2000).

In this instance, Appellant does not contend the legality of the Trooper's actions in pulling him over for driving over the speed limit. Instead, Appellant limits his argument to the propriety of the subsequent pat-down search. As such, we commence our inquiry assuming the detention was reasonable and we will only review the lawfulness of the Trooper's actions in conducting the pat-down search and seizing contraband from Appellant's person. We analyze whether the Trooper's actions are justified under *Terry* based on the totality of the circumstances. *Pena v. State*, 904 S.W.2d 850, 853 (Tex.App.--Houston [1st Dist.] 1995, no pet.). Appellant argues that the Trooper did not believe the bulge to be a weapon. From this, he argues that when a substance is not in the officer's plain view, the search is limited to discovering weapons that could reasonably harm the officer. However, the record indicates that the Trooper took precautionary measures when he became aware of the bulge in Appellant's pocket. It was reasonable that the concealed object could be a weapon, thus, providing the Trooper with reasonable suspicion to conduct a pat-down search. Trooper McNiel's belief that the bulge might also be contraband does not contradict his fear that it could be a weapon. Therefore, Trooper McNiel was justified in conducting the pat-down search under *Terry*.

Appellant's next contention is that Trooper McNiel felt the bulge and concluded that it was not a weapon, and therefore could not retrieve the object from Appellant's pants because it exceeded the scope of a protective frisk under *Terry*. However, the Supreme Court determined that "[i]f a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons . . . ." *Dickerson*, 508 U.S. at 375, 113 S.Ct. at 2137. If the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context. *Dickerson*, 508 U.S. at 376, 113 S.Ct. at 2137. If an officer is legitimately conducting a *Terry* frisk, no additional privacy interest is implicated by the seizure of an item whose identity is already plainly known through the officer's sense of touch. *Caramouch*, 10 S.W.3d at 330.

In light of the totality of the circumstances, Trooper McNiel was justified in removing the contraband from Appellant's pocket. The Trooper noticed a large bulge in Appellant's pocket, the Trooper recognized that the bulge was narcotics, Appellant admitted a recent arrest for marijuana possession, and Appellant stated that he might have a "smoke pipe" in his pocket. Based on these facts, we cannot conclude that the trial court abused its discretion by not granting the motion to suppress evidence that was seized from Appellant's person. *See Dickerson*, 508 U.S. at 374, 113 S.Ct. at 2136. Accordingly, Appellant's sole point of error is overruled.

We affirm the trial court's judgment.

September 8, 2010

DAVID WELLINGTON CHEW, Chief Justice

Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)