COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





CLARENCE RANDALL MERRILL,

                            Appellant,

v.


THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-09-00216-CR

Appeal from the

355th District Court 

of Hood County, Texas 

(TC# CR11047) 






O P I N I O N

            On appeal, Appellant challenges the trial court’s denial of a motion to suppress evidence
discovered during the course of a pat-down search. Following a jury trial, Appellant was
convicted for possession of a controlled substance, methamphetamine, more than four (4) grams
but less than 200 grams. Appellant was sentenced by the jury at 99 years’ in the Texas
Department of Criminal Justice and $10,000 fine.
            On May 21, 2008, Texas Department of Public Safety Trooper Mark McNiel noticed a
vehicle speeding westbound on Highway 377. The officer activated his squad lights and stopped
the vehicle. In response to the officer’s questions, Appellant admitted he was driving without a
license and that he had recently been arrested for possession of marijuana. Trooper McNiel
asked Appellant to exit the vehicle and noticed a large bulge in Appellant’s pocket. The officer
asked for consent to pat him down. Appellant consented. 
            While patting down Appellant, Trooper McNiel testified that the bulge in Appellant’s
front pocket felt like a “baggie.” When questioned, Appellant said it could be a “smoke pipe.” 
The officer reached into Appellant’s pocket and took out a bag full of methamphetamine. 
            In his sole point of error, Appellant contends that the warrantless search of his person was
unlawful under the Fourth and Fourteenth Amendments to the United States Constitution, and
under Article I, section 9 of the Texas Constitution. We review a trial court’s ruling on a motion
to suppress evidence under a bifurcated standard of review. Amador v. State, 221 S.W.3d 666,
673 (Tex.Crim.App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). Almost
total deference is given to a trial court’s rulings on questions of fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo
application-of-law-to-fact questions that do not turn on credibility and demeanor. Estrada v.
State, 154 S.W.3d 604, 607 (Tex.Crim.App. 2005).
            “The people shall be secure in their persons, houses, papers and possessions, from all
unreasonable seizures or searches, and no warrant to search any place, or to seize any person or
thing, shall issue without describing them as near as may be, nor without probable case,
supported by oath or affirmation.” Tex.Const. art. I, § 9. An officer can detain a person if the
officer can articulate a reasonable suspicion that the driver has committed a crime or is about to
commit a crime. Florida v. Royer, 460 U.S. 491, 498, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229
(1983). Officers can rely on their own training and experience to reach this conclusion. U.S. v.
Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). The authority to
investigate suspected criminal activity may include the authority to conduct a pat-down search
for officer safety. Terry v. Ohio, 392 U.S. 1, 30, 88 S.Ct. 1868, 1884, 20 L.Ed.2d 889 (1968). 
The purpose of a pat-down search is to find weapons that might put the officer or other
bystanders in danger, although it may result in the discovery of evidence. Minnesota v.
Dickerson, 508 U.S. 366, 373-74, 113 S.Ct. 2130, 2136, 124 L.Ed.2d 334 (1993). Sometimes a
pat-down search can lead to probable cause to search for contraband. Id. If during a pat-down
search, the officer identifies an object that the officer can articulate feels like contraband, the
officer has the right to reach into the person’s pocket and retrieve the suspicious item. 
Dickerson, 508 U.S. at 374, 113 S.Ct. at 2136; Carmouche v. State, 10 S.W.3d 323, 330
(Tex.Crim.App. 2000).
            In this instance, Appellant does not contend the legality of the Trooper’s actions in
pulling him over for driving over the speed limit. Instead, Appellant limits his argument to the
propriety of the subsequent pat-down search. As such, we commence our inquiry assuming the
detention was reasonable and we will only review the lawfulness of the Trooper’s actions in
conducting the pat-down search and seizing contraband from Appellant’s person. We analyze
whether the Trooper’s actions are justified under Terry based on the totality of the circumstances. 
Pena v. State, 904 S.W.2d 850, 853 (Tex.App.--Houston [1st Dist.] 1995, no pet.). Appellant
argues that the Trooper did not believe the bulge to be a weapon. From this, he argues that when
a substance is not in the officer’s plain view, the search is limited to discovering weapons that
could reasonably harm the officer. However, the record indicates that the Trooper took
precautionary measures when he became aware of the bulge in Appellant’s pocket. It was
reasonable that the concealed object could be a weapon, thus, providing the Trooper with
reasonable suspicion to conduct a pat-down search. Trooper McNiel’s belief that the bulge might
also be contraband does not contradict his fear that it could be a weapon. Therefore, Trooper
McNiel was justified in conducting the pat-down search under Terry.
            Appellant’s next contention is that Trooper McNiel felt the bulge and concluded that it
was not a weapon, and therefore could not retrieve the object from Appellant’s pants because it
exceeded the scope of a protective frisk under Terry. However, the Supreme Court determined
that “[i]f a police officer lawfully pats down a suspect’s outer clothing and feels an object whose
contour or mass makes its identity immediately apparent, there has been no invasion of the
suspect’s privacy beyond that already authorized by the officer’s search for weapons . . . .” 
Dickerson, 508 U.S. at 375, 113 S.Ct. at 2137. If the object is contraband, its warrantless seizure
would be justified by the same practical considerations that inhere in the plain view context. 
Dickerson, 508 U.S. at 376, 113 S.Ct. at 2137. If an officer is legitimately conducting a Terry
frisk, no additional privacy interest is implicated by the seizure of an item whose identity is
already plainly known through the officer’s sense of touch. Caramouch, 10 S.W.3d at 330.
            In light of the totality of the circumstances, Trooper McNiel was justified in removing the
contraband from Appellant’s pocket. The Trooper noticed a large bulge in Appellant’s pocket,
the Trooper recognized that the bulge was narcotics, Appellant admitted a recent arrest for
marijuana possession, and Appellant stated that he might have a “smoke pipe” in his pocket. 
Based on these facts, we cannot conclude that the trial court abused its discretion by not granting
the motion to suppress evidence that was seized from Appellant’s person. See Dickerson, 508
U.S. at 374, 113 S.Ct. at 2136. Accordingly, Appellant’s sole point of error is overruled.
 
            We affirm the trial court’s judgment.


September 8, 2010
DAVID WELLINGTON CHEW, Chief Justice

Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)