**Affirmed and Memorandum Opinion filed April 19, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00850-CR
## NO. 14-11-00851-CR

---

### THE STATE OF TEXAS, Appellant

### V.

### MIRIAL CLEVELAND, Appellee

---

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause Nos. 1292215, 1292216**

---

## M E M O R A N D U M   O P I N I O N

The State of Texas appeals from the trial court's grant of appellee Mirial Cleveland's motions to suppress. We affirm.

### BACKGROUND

In January 2011, Officer Ivan Jones, a nineteen-year veteran with the Houston Police Department ("HPD") assigned to the Narcotics Division, observed appellee

participating in what he believed to be a "pill crew" operation.[1] Jones, who was undercover and in an unmarked vehicle, observed appellee in the driver's seat of a Dodge pick-up truck at the Cullen Care Pharmacy in Houston. He saw several individuals get out of the pick-up truck, go into the pharmacy, return to the truck, and then go back into the pharmacy, as if they were waiting for prescriptions to be filled. He saw appellee take pills from one of the individuals and hand them to the front seat passenger. Based on his training and experience, he believed that appellee was running a pill crew.

Jones continued to follow appellee for approximately two hours as she travelled to several destinations. He followed her to a gas station where she dropped off two of the individuals. Jones believed that appellee's actions in dropping these individuals off was consistent with someone's running a pill crew. After appellee left the gas station, he observed her committing several traffic offenses. He radioed dispatch for a marked HPD patrol unit to perform a traffic stop on appellee's vehicle. By the time the patrol unit arrived, Jones had followed appellee to a small fast food restaurant. Appellee had exited the vehicle and entered the restaurant when the patrol unit arrived at the location. Jones directed the patrol officers to the restaurant; uniformed patrol officer Robert Caballero requested that appellee exit the restaurant. When she exited the restaurant, officers detained her. Jones walked over to appellee's truck, looked in the front window, and observed a brown paper bag with pill bottles in it. He entered the vehicle and retrieved the bag containing the pill bottles.

Appellee was arrested for one count of possession of a controlled substance and one count of possession with intent to deliver a controlled substance. She filed motions to suppress in both cases. The trial court granted her motions to suppress, finding the above-described facts, as well as making the following additional findings:

---

[1] According to Jones, who had been in the Narcotics Division of the HPD for five years and had undergone specialized training in the division, a pill crew generally consists of a driver and a handler. The crew members pick up homeless people or people with whom they have no relationship, transport these people to a doctor's office, pay for their doctor's visits, take them to the pharmacy, pay for their prescriptions, and then take possession of the pills to sell illegally.

2

- Appellee had standing to complain about the search of the truck.
- Appellee did not consent to the search of the truck, and no warrant was obtained by officers prior to the search.
- The truck was parked in the parking lot of a business accessible to the public.
- Jones had lawful access to the public parking lot where the truck was parked when he looked inside the truck and saw the pill bottles in plain view on the front seat of the truck.
- The truck was readily mobile.
- Jones's testimony was true, and he was a credible witness.

Based on these findings, the trial court made the following conclusions of law:

1. Jones did not have probable cause to search the defendant's truck.
2. Jones was lawfully in a place the object could be plainly [seen].
3. Based on the circumstances viewed by Jones, the incriminating character of the object was immediately apparent.

After the trial court granted appellee's motions to suppress, the State timely filed this appeal.

## ANALYSIS

### A.      Standard of Review

In a single issue, the State asserts that the trial court erred in granting appellee's motion to suppress because both the plain-view and automobile exceptions to warrantless searches apply to Jones's seizure of the contraband in this case. We review a trial court's suppression ruling under an abuse-of-discretion standard. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996). At a suppression hearing, the trial judge is the sole fact-finder. *Arnold v. State,* 873 S.W.2d 27, 34 (Tex. Crim. App. 1993). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review *de novo* application-of-law-to-fact questions that do not turn on credibility and demeanor. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

3

**B.     Search and Seizure Challenge**

The Fourth Amendment protects against unreasonable searches and seizures by government officials.[2] U.S. Const. amend. IV; *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007). Here, the parties agree that the search and seizure at issue occurred without a warrant. In such a situation, the burden of proof shifts to the State to establish that the search was reasonable. *See Amador v. State*, 221 S.W.3d 666, 672–73 (Tex. Crim. App. 2007). Whether a search and seizure is reasonable is a question of law that we review *de novo* by examining the totality of the circumstances. *Kothe v. State*, 152 S.W.3d 54, 62–63 (Tex. Crim. App. 2004). A search conducted without a warrant is per se unreasonable unless it falls within one of the "specifically defined and well established" exceptions to the warrant requirement. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003).

**B.     Exceptions to the Warrant Requirement**

On appeal, the State asserts that either of two well-established exceptions to the warrant requirement—the plain-view exception and the automobile exception—support reversing the trial court's orders. Our review of the record, however, indicates that the automobile exception to the warrant requirement was not argued to the trial court. Rather, the record reflects that the State relied on the following grounds to support the reasonableness of the search: (1) search incident to arrest based on Jones's testimony that he believed that appellee was under arrest when he seized the pills[3] and (2) plain-view doctrine based on the pills being in plain view in the front seat of the vehicle. Grounds not presented to the trial court cannot support reversal of a trial court's order on a motion

---

[2] The search and seizure provisions of the Texas constitution warrant an analysis distinct from the federal constitutional analysis. *See Heitman v. State*, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991). However, because appellee makes no distinction between the constitutions with regard to this matter, and absent authority to the contrary, our discussion applies to both. *See Metoyer v. State*, 860 S.W.2d 673, 676 n. 4 (Tex. App.—Fort Worth 1993, pet. ref'd) (noting that a violation of the Texas constitution is also determined by a reasonableness standard under the circumstances).

[3] The State has not argued this ground on appeal because Jones stated during cross-examination that he did not actually observe appellee being placed under arrest and Caballero testified that he did not arrest appellee.

to suppress. *Martinez v. State*, 91 S.W.3d 331, 335 (Tex. Crim. App. 2002). Because the automobile exception was not presented to the trial court, we may not reverse the trial court's orders granting the motions to suppress on this ground. *See id.* We thus overrule this portion of the State's first issue.

Turning to the plain-view exception, a seizure of an object is lawful under this exception if: (1) law enforcement officials are lawfully where the object can be "plainly viewed," (2) the incriminating character of the object in plain view is immediately apparent to the officials, and (3) the officials have the right to access the object. *Keehn v. State*, 279 S.W.3d 330, 334 (Tex. Crim. App. 2009). However, "[p]lain view, in the absence of exigent circumstances, can never justify a search and seizure without a warrant when law enforcement officials have no lawful right to access an object." *Id.* at 335.

The situation in *Keehn* bears many similarities to this case. In *Keehn*, officers investigating a theft went to appellant's house to talk to him. *Id.* at 332. One of the deputies saw a van in the driveway of appellant's residence. *Id.* As he walked past the van, he looked inside and saw a propane tank that, based on his experience, he believed was being used in the manufacture of methamphetamine. *Id.* After no one at the residence answered the door, the deputy called for back-up, including the local drug task force. *Id.* Once the back-up officers arrived, the appellant answered the door and permitted them inside the house. *Id.* The local drug task force officer arrived after the other officers had entered the house. *Id.* He spoke with the other officers and then looked inside the windows of the van. *Id.* He observed the propane tank and, based on his training and experience, also believed that the tank was being used in the manufacture of methamphetamine. *Id.* The officer entered the van and seized the tank; it tested positive for anhydrous ammonia, which is used in the manufacture of methamphetamine. *Id.* The officer arrested the appellant for possession of anhydrous ammonia with intent to manufacture methamphetamine. *Id.* The appellant filed a motion to suppress, which was denied by the trial court. *Id.*

5

The Fort Worth Court of Appeals upheld the trial court's denial of the motion to suppress under the plain-view and automobile exceptions for warrantless searches. *Id.* at 333. The Court of Criminal Appeals disagreed that the plain-view exception applied because the officers had no lawful right to access the object in the appellant's van and no exigent circumstances existed.[4] *Id.* at 335.

## C.     Application

Likewise, here, the plain-view exception does not apply because, as in *Keehn*, the officers had no lawful right to access the object in appellee's truck absent exigent circumstances. *See id.* Our review of the record reveals no exigent circumstance capable of supporting Jones's seizure of the pills. Jones stated that at the time he entered the vehicle to seize the pills, "everyone was secured" and in police custody. Thus, there was no opportunity for any of the people at the scene to drive the vehicle away or dispose of any evidence while the officers were securing a search warrant. The State asserts that the "exigent circumstance" present here was the automobile exception. But as discussed above, this ground was not raised in the trial court. Thus, we may not consider it for the first time on appeal as a basis to reverse the trial court's orders. *See Martinez*, 91 S.W.3d 331. Under these circumstances, we overrule the State's sole issue on appeal.

## CONCLUSION

Having overruled the State's issue, we affirm the trial court's orders.


/s/     Adele Hedges
        Chief Justice

Panel consists of Chief Justice Hedges and Justices Seymore and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[4] The *Keehn* Court however, concluded the search and seizure was permissible under the automobile exception to the warrant requirement. *Id.*

6