

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00167-CR

_____

THE STATE OF TEXAS, Appellant

V.

ELIJAH JOEL ROBINSON

---

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 1710742

---

Before Kerr, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

The State appeals from the trial court's order granting Appellee Elijah Robinson's motion to suppress all evidence stemming from a September 2021 traffic stop. In a single issue on appeal, the State complains that the trial court erred by misapplying Section 504.945(a)(7)(C) of the Texas Transportation Code and concluding that the officer did not have reasonable suspicion to stop Robinson. We will reverse the trial court's order granting the motion to suppress and remand the case for further proceedings.

## I. BACKGROUND

Robinson was charged with unlawful possession of a firearm by a felon after Officer Hinkle of the Keller Police Department recovered a gun from his vehicle during a September 2021 traffic stop. Robinson filed a motion to suppress, which the trial court heard in June 2023.

At the suppression hearing, Hinkle testified that he stopped Robinson's vehicle after noticing a cover over his license plate that altered the plate's color. Hinkle understood this to be a violation of Section 504.945(a)(7) of the traffic code, even though the cover did not impede his ability to read the plate. Hinkle testified to having made about twenty traffic stops to enforce that Section of the traffic code over his four years on the police force.

Hinkle's body camera footage provides a clear view of Robinson's visibly tinted license plate. It also shows that, when Robinson rolled his window down, Hinkle

explained that he had stopped Robinson because the cover on his license plate was "illegal in the state of Texas" because drivers "can't have anything covering or obstructing [their] license plate."

Hinkle then smelled marijuana emanating from Robinson's open window. Hinkle asked Robinson whether there was any marijuana in the vehicle. Robinson responded by stating that he had a "sweet" in the ashtray and a weapon in the glove box. At this point, Hinkle believed that he had probable cause to search the vehicle and subsequently recovered both a marijuana cigarette and a handgun.

After being removed from the car, Robinson asked if he had been stopped, "because of his rims or something," to which Hinkle replied, "[I]t's illegal to have anything covering your license plate in the state of Texas. That's the reason for the stop."

In his motion to suppress, Robinson argued among other things that Hinkle did not have reasonable suspicion to stop him. The trial court granted the motion and ordered that all evidence from the traffic stop be suppressed. The trial court's order contained findings of fact, including that:

> The license plate of the vehicle had a hard plastic cover. However, the license plate of the vehicle was entirely legible as Officer Hinkle could read all of the letters and numbers on the plate while driving his vehicle. . . .

> Officer Hinkle initiated a traffic stop because the vehicle had a license plate cover. Officer Hinkle stated to the defendant twice the reason for the stop was because it was illegal to have a license plate cover in the

3

state of Texas. Officer Hinkle also wrote in his report that the vehicle had an illegal license plate cover, which was covering the rear and front license plates.

Although Officer Hinkle gave testimony that the license plate was obscure in color, he did not note or mention any obscurities at the time of the traffic stop. Officer Hinkle testified that he could clearly read the license plate, and that he did not note any obscurities in his report nor to the defendant.

. . . .

Officer Hinkle did not have reasonable suspicion nor probable cause to stop the vehicle for violation of [Section 504.945(a)(7)(C)], because an objectively reasonable police officer would not have viewed the license plate as having been altered or obscured to a degree that it would violate [that section].

## II.  STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical facts and application of-law-to-fact—questions that turn on an evaluation of credibility and demeanor— but we review de novo application of law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002).

4

## III.  DISCUSSION

In a single appellate issue, the State contends that Hinkle had reasonable suspicion to stop Robinson for violating Texas Transportation Code Section 504.945(a)(7)(C), arguing that the trial court erred in granting Robinson's motion to suppress under a misapplication of that Section.  Specifically, the State argues that the trial court essentially added an element to the statute by requiring that the license plate have been sufficiently illegible before a reasonable officer could have believed that it violated the statute.  Robinson argues that reasonable suspicion did not exist because a "reasonable police officer would not have viewed [his] license plate as having been altered or obscured to a degree that it would violate" Section 504.945(a)(7)(C).  We agree with the State.

### A.  REASONABLE SUSPICION AND SECTION 504.945(a)(7)(C)

An officer may make a warrantless traffic stop if he has reasonable suspicion to do so.  *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015).  Reasonable suspicion exists when, based on the totality of the circumstances, the officer shows specific, articulable facts at the suppression hearing that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a person is engaging in criminal activity.  *State v. Torrez*, 490 S.W.3d 279, 283 (Tex. App.—Fort Worth 2016, pet. ref'd).  This is an objective standard that disregards any subjective intent of the detaining officer and looks solely to whether an objective basis for the stop exists.  *Id.*

5

Whether a traffic stop was based on reasonable suspicion does not depend upon showing that an actual offense was committed; it is enough to show that the officer reasonably believed an offense was in progress. *Id.* Thus, at the suppression hearing, the State need not establish that a crime occurred prior to the stop but must elicit testimony showing sufficient facts to prove that reasonable suspicion existed that the person stopped was engaging in criminal activity. *Id.* at 284. Reasonable suspicion requires only a "minimal level of objective justification" for the stop. *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012).

Section 504.945(A)(7)(C) of the Texas Transportation Code provides that a person commits a traffic offense "if the person attaches to or displays on a motor vehicle a license plate that . . . has a coating, covering, protective substance, or other material that . . . alters, covers, or obscures the letters or numbers of the license plate number or the color of the plate." Tex. Transp. Code Ann. § 504.945(a)(7)(C).

### B. HINKLE'S REASONABLE SUSPICION

At the suppression hearing, Hinkle testified that he stopped Robinson due to there being a cover on his license plate that altered the plate's color. Hinkle's body camera footage corroborates that the plate's color was altered: it shows a visibly tinted covering over Robinson's plate. *See Miller v. State*, 393 S.W.3d 255, 263 (Tex. Crim. App. (2012) (considering "indisputable visual evidence" in a suppression proceeding). Further, the footage shows that Hinkle told Robinson that he had initiated the traffic

6

stop because the cover over Robinson's license plate was "illegal in the state of Texas."

The trial court's essential findings comport with these facts. It found that Robinson's license plate "had a hard plastic cover" and that Officer Hinkle had given "testimony that the license plate was obscure in color." Further, the trial court found that Hinkle had stated both to Robinson and on his offense report that the plate cover was illegal.

Giving the appropriate deference to these findings of fact, we conclude that the trial court misapplied the law in concluding that "Hinkle did not have reasonable suspicion nor probable cause to stop the vehicle for violation of [Section 504.945(a)(7)], because an objectively reasonable police officer would not have viewed the license plate as having been altered or obscured to a degree that it would violate [that Section]." An offense under Section 504.945(a)(7)(C) is not contingent upon the degree to which a covering obscures or alters the plate's color. Instead, a person commits an offense if his cover alters or obscures the color of the plate—full stop. *See* Tex. Transp. Code Ann. § 504.945(a)(7)(C). This is true regardless of whether or not the officer had any difficulty reading the plate at the time of the stop. *See id.*

In light of the evidence adduced at the hearing and the trial court's findings of fact that materially agree with that evidence, we conclude that the State elicited sufficient facts to prove that Hinkle reasonably believed that Robinson was committing a traffic offense under Section 504.945(a)(7)(C), thus giving him

reasonable suspicion for the stop. *See Torrez*, 490 S.W.3d at 283. Accordingly, we hold that the trial court erred by granting Robinson's motion to suppress, and we sustain the State's sole issue.[1]

## IV. CONCLUSION

Having sustained the State's issue, we reverse the trial court's order granting Robinson's motion to suppress, and we remand this case to the trial court for further proceedings. *See* Tex. R. App. P. 43.2(d); *Torrez*, 490 S.W.3d at 286.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 23, 2024

---

[1]We note that, even if Hinkle had stopped Robinson under a mistaken belief about what constituted an offense under Section 504.945(a)(7)(C), he still would have had reasonable suspicion to make the stop if that mistaken belief was objectively reasonable. *See Heien v. North Carolina*, 574 U.S. 54, 62, 135 S. Ct. 530, 537 (2014) (holding that officer's reasonable but mistaken understanding of traffic law could nevertheless give rise to reasonable suspicion to justify traffic stop). Though we need not reach this question, it would likely also have been dispositive of the State's issue under the facts of this case.