

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-09-00246-CR

CECIL EDWARD ALFORD A/K/A CECIL E. ALFORD                                   APPELLANT

V.

THE STATE OF TEXAS                                                                                       STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I.  Introduction

Appellant Cecil Edward Alford a/k/a Cecil E. Alford appeals from the trial court's denial of his motion to suppress.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

Fort Worth Police Officers Christopher Ramirez and Jason Caffey were investigating a report of a person with a weapon when Officer Ramirez saw Alford with an open beer in a public area near a school. Officer Ramirez approached Alford and began questioning him. When he asked Alford about drugs and weapons, Alford appeared nervous and started to back away. Officer Ramirez told Alford that he was being detained and was not free to leave. Alford ran, and the officers chased him.

After the officers apprehended Alford, they handcuffed him, patted him down for weapons, placed him in the back of the patrol car, and transported him to jail. During the trip, Officer Caffey noticed Alford laying over the seat and "squirming around." When asked about his behavior, Alford responded that his side hurt. Upon arrival at the jail, the officers removed Alford and then searched the backseat area. They discovered a plastic bag with pills[2] and, under the bag, a silver and blue flash drive.

During the intake process, Officer Ramirez held up the flash drive and asked Alford what it was and if it was his. Alford replied that it was a memory drive and that it belonged to him. The flash drive was given to enforcement personnel, who then placed it with Alford's personal property.

---

[2]Subsequent testing confirmed that the pills contained more than seven grams of 3,4-methylenedioxy methamphetamine (Ecstasy).

2

The State charged Alford with possession of a controlled substance of four grams or more but less than 400 grams. Prior to trial, the trial court held a hearing outside the presence of the jury to consider Alford's objections to the admissibility of his statements about the flash drive. Officer Ramirez testified that after "the Miranda" he asked Alford whether the flash drive was his in order to ascertain if the flash drive was part of Alford's personal property. He further stated that the police have to "follow procedures as far as finding out what property belongs to the individual so it can be tied with their personal property." The trial court overruled Alford's objections, finding that, although Alford was in custody at the time of the questions, the questions were booking questions rather than custodial interrogation.[3]

During trial, Officer Ramirez added that he had thoroughly inspected the interior of the patrol car earlier in the day, that it had been clean, and that no one had been in the back seat before Alford. At the close of evidence, the jury found Alford guilty of possession of a controlled substance. The following day, the parties agreed to a plea agreement, which provided for a five-year sentence and the right to appeal. The trial court accepted the agreement and sentenced Alford to five years' confinement. This appeal followed.

---

[3]The trial court stated, "[T]he record in front of me is that it was two quick questions that resulted in someone's personal property being placed in the personal property bag."

3

## III. Discussion

In his sole issue, Alford argues that the "trial court erred in admitting incriminating [oral] statements made by [Alford] in response to custodial interrogation which was not preceded by any rights advisements or a waiver of rights."

## A. Standard of Review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-fact-to-law questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

## B. Analysis

Alford asserts that Officer Ramirez's questions were designed to elicit incriminating information and that because he was under arrest at the time he made the statements, the questions constituted custodial interrogation. He also argues that because he was subject to custodial interrogation, the trial court's admission of the statements in evidence violated articles 38.22 and 38.23 of the

4

code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. arts. 38.22, 38.23 (Vernon 2005).

Under both the federal and state constitutions, questioning attendant to an administrative "booking" procedure does not generally require *Miranda* warnings. *See Pennsylvania v. Muniz,* 496 U.S. 582, 584, 601, 110 S. Ct. 2638, 2641, 2650 (1990) (holding that officer asking arrestee for his name, his address, and similar basic information did not trigger *Miranda* requirements because such questions "fall within a 'routine booking question' exception which exempts from *Miranda's* coverage questions to secure the biographical data necessary to complete booking or pretrial services") (internal quotation omitted); *Cross v. State,* 144 S.W.3d 521, 524 n.5 (Tex. Crim. App. 2004) ("Questions normally attendant to arrest, custody, or administrative 'booking' procedure do not constitute 'interrogation' for purposes of *Miranda* . . . ."); *Smith v. State*, No. 01-09-00263-CR, 2010 WL 3928485, at *4 (Tex. App.—Houston [1st Dist.] Oct. 7, 2010, no pet. h.) (mem. op., not designated for publication) (admitting in evidence answer to intake questions establishing that defendant resided with and was married to the owner of the car used in the crime for which defendant was charged). Based on the particular facts of this case, we conclude that the information adduced by Officer Ramirez was produced from administrative questioning. Therefore, we hold that the trial court did not abuse its discretion by concluding that Alford's statements were made during normal processing and, thus, did not invoke article

38.22 and, by extension, article 38.23 of the code of criminal procedure. Accordingly, we overrule Alford's sole issue.

## IV. Conclusion

Having overruled Alford's sole issue, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL:  LIVINGSTON, C.J., MCCOY and MEIER, JJ.

DELIVERED:  December 2, 2010

ORDERED PUBLISHED:  December 16, 2010