02-09-246-CR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT
WORTH

 

NO. 02-09-00246-CR

 

 


 
 
 CECIL EDWARD ALFORD A/K/A CECIL E. ALFORD
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 372ND DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

I.  Introduction

          Appellant Cecil Edward Alford a/k/a
Cecil E. Alford appeals from the trial court’s denial of his motion to suppress.
 We affirm.

II.  Factual and Procedural History

Fort Worth Police Officers
Christopher Ramirez and Jason Caffey were
investigating a report of a person with a weapon when Officer Ramirez saw
Alford with an open beer in a public area near a school.  Officer Ramirez approached Alford and began
questioning him.  When he asked Alford
about drugs and weapons, Alford appeared nervous and started to back away.  Officer Ramirez told Alford that he was being detained
and was not free to leave.  Alford ran,
and the officers chased him.

          After the officers apprehended Alford,
they handcuffed him, patted him down for weapons, placed him in the back of the
patrol car, and transported him to jail.  During the trip, Officer Caffey
noticed Alford laying over the seat and “squirming around.”  When asked about his behavior, Alford
responded that his side hurt.  Upon
arrival at the jail, the officers removed Alford and then searched the backseat
area.  They discovered a plastic bag with
pills[2]
and, under the bag, a silver and blue flash drive.

          During the intake process, Officer
Ramirez held up the flash drive and asked Alford what it was and if it was his.
 Alford replied that it was a memory
drive and that it belonged to him.  The
flash drive was given to enforcement personnel, who then placed it with
Alford’s personal property.

The State
charged Alford with possession of a controlled substance of four grams or more
but less than 400 grams.  Prior to trial,
the trial court held a hearing outside the presence of the jury to consider
Alford’s objections to the admissibility of his statements about the flash
drive.  Officer Ramirez testified that after
“the Miranda” he asked Alford whether the flash drive was his in order to
ascertain if the flash drive was part of Alford’s personal property.  He further stated that the police have to
“follow procedures as far as finding out what property belongs to the
individual so it can be tied with their personal property.” The trial court
overruled Alford’s objections, finding that, although Alford was in custody at
the time of the questions, the questions were booking questions rather than
custodial interrogation.[3]

During trial, Officer
Ramirez added that he had thoroughly inspected the interior of the patrol car
earlier in the day, that it had been clean, and that
no one had been in the back seat before Alford.  At the close of evidence, the jury found
Alford guilty of possession of a controlled substance.  The following day, the parties agreed to a
plea agreement, which provided for a five-year sentence and the right to
appeal.  The trial court accepted the
agreement and sentenced Alford to five years’ confinement.  This appeal followed.

III.  Discussion

          In his sole issue, Alford argues that
the “trial court erred in admitting incriminating [oral] statements made by
[Alford] in response to custodial interrogation which was not preceded by any
rights advisements or a waiver of rights.”

A.  
 Standard of Review

We review a trial court’s ruling on a
motion to suppress evidence under a bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007);
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We give almost total deference
to a trial court’s rulings on questions of historical fact and
application-of-fact-to-law questions that turn on an evaluation of credibility
and demeanor, but we review de novo application-of-law-to-fact questions that
do not turn on credibility and demeanor. 
Amador, 221 S.W.3d at 673; Estrada v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005);
Johnson v. State, 68 S.W.3d 644, 652–53 (Tex. Crim. App.
2002).

B. 
Analysis

          Alford asserts that Officer Ramirez’s
questions were designed to elicit incriminating information and that because he
was under arrest at the time he made the statements, the questions constituted
custodial interrogation.  He also argues
that because he was subject to custodial interrogation, the trial court’s admission
of the statements in evidence violated articles 38.22 and 38.23 of the code of
criminal procedure.  See Tex. Code Crim. Proc. Ann. arts. 38.22, 38.23
(Vernon 2005).

          Under both the federal and state
constitutions, questioning attendant to an administrative “booking” procedure
does not generally require Miranda warnings. See Pennsylvania v.
Muniz, 496 U.S. 582, 584, 601, 110 S. Ct. 2638, 2641, 2650 (1990) (holding
that officer asking arrestee for his name, his address, and similar basic
information did not trigger Miranda requirements because such questions
“fall within a ‘routine booking question’ exception which exempts from Miranda's
coverage questions to secure the biographical data necessary to complete
booking or pretrial services”) (internal quotation omitted); Cross v. State,
144 S.W.3d 521, 524 n.5
(Tex. Crim. App. 2004) (“Questions normally attendant to arrest, custody, or
administrative ‘booking’ procedure do not constitute ‘interrogation’ for
purposes of Miranda . . . .”); Smith v. State, No. 01-09-00263-CR, 2010
WL 3928485, at *4 (Tex. App.—Houston [1st Dist.] Oct. 7, 2010,
no pet. h.) (mem. op., not designated for
publication) (admitting in evidence answer to intake questions establishing
that defendant resided with and was married to the owner of the car used in the
crime for which defendant was charged).  Based
on the particular facts of this case, we conclude that the information adduced
by Officer Ramirez was produced from administrative questioning.  Therefore, we hold that the trial court did
not abuse its discretion by concluding that Alford’s statements were made
during normal processing and, thus, did not invoke article 38.22 and, by
extension, article 38.23 of the code of criminal procedure.  Accordingly, we overrule Alford’s sole issue.


IV.  Conclusion

Having
overruled Alford’s sole issue, we affirm the trial court’s judgment.

 

                                                                             
 
 
 
 
 
 
 
 BOB MCCOY

                                                                             
 
 
 JUSTICE

 

PANEL:  
 
 
 
 
 
 
 LIVINGSTON, C.J., 
 
 
 
 
 
 MCCOY and 
 
 
 
 
 
 MEIER, JJ.

 

DELIVERED:  December 2, 2010

 

ORDERED
PUBLISHED:  December 16, 2010











[1]See Tex. R. App. P. 47.4.





[2]Subsequent testing
confirmed that the pills contained more than seven grams of 3,4-methylenedioxy methamphetamine (Ecstasy).





[3]The
trial court stated, “[T]he record in front of me is that it was two quick
questions that resulted in someone’s personal property being placed in the
personal property bag.”