

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00521-CR

LONNIE KENDRICK PHILLIPS                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Lonnie Kendrick Phillips of possession of less than one gram of methamphetamine and assessed his punishment at eleven years' confinement and a $3,000 fine. In a single point, Phillips argues that the trial court erred by denying his motion to suppress evidence. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

On February 1, 2012, at around 6:00 p.m., Officers John Harris and James Blunt were patrolling a high crime area of Euless—wearing plain clothes and driving an unmarked police car—when they noticed Phillips running from a residential area to an alley behind a motel. Officer Harris exited the car and headed towards Phillips "to try to see what was going on," and Officer Blunt parked in a nearby lot. When Officer Harris caught up to Phillips in the alley, he said, "Hey, Lonnie, it's the police," and identified himself with his badge. Phillips immediately put his hand in his pants pocket, and Officer Harris asked Phillips to please take his hand out of his pocket. Phillips responded, "I don't have any weapons. You can check me," and he removed his hand from his pocket. Officer Harris asked Phillips if he was consenting to a search, and Phillips said, "Yes. You can search me. I don't have anything." Officer Harris then conducted a "routine-type search" and noticed a small nylon case secured to Phillips's belt. Officer Harris asked Phillips what was in the case, and Phillips said, "Nothing. I keep my tools in there. You can check it." Officer Harris opened one of the zippers on the case and found two syringes and a straw that had been cut and that appeared to have methamphetamine residue on the end of it. When Officer Harris saw the syringes, Phillips said that they were "clean," which Officer Harris construed to mean that they had not been used to inject narcotics. At that point, Officer Harris arrested Phillips for possession of drug paraphernalia and asked Officer Blunt, who had arrived about the same time that Officer Harris made contact with Phillips, to remove the nylon case. Officer Blunt opened a second

zipper on the case and found two small baggies containing a crystal substance later determined to be methamphetamine.

Phillips was subsequently charged with possession of less than one gram of methamphetamine, with two prior convictions. The trial court denied Phillips's motion to suppress the methamphetamine but did not enter any findings of fact.

In a single point, Phillips argues that the trial court erred by denying his motion to suppress evidence because "[w]hen [the officer] approached [him] and instructed him to remove his hands from his pockets, a reasonable person similarly situated would not have felt he was free to leave. [The officer] at that point detained [Phillips] sans probable cause or reasonable suspicion." The State responds that the initial interaction between Phillips and the officers was a consensual encounter and that Officer Harris's request that Phillips remove his hand from his pocket did not transform the encounter into an investigative detention, thus necessitating, at a minimum, reasonable suspicion to detain Phillips. We agree with the State.

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at

3

673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). When the trial court does not enter findings of fact, as in this case, the reviewing court must view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007).

Consensual police-citizen encounters do not implicate Fourth Amendment protections. *State v. Woodard*, 341 S.W.3d 404, 411 (Tex. Crim. App. 2011). As the court of criminal appeals has explained,

> There are three distinct categories of interactions between police officers and citizens: (1) encounters, (2) investigative detentions, and (3) arrests. In determining which category an interaction falls into, courts look at the totality of the circumstances. An encounter is a consensual interaction which the citizen is free to terminate at any time. Unlike an investigative detention and an arrest, an encounter is not considered a seizure that would trigger Fourth Amendment protection. An encounter takes place when an officer approaches a citizen in a public place to ask questions, and the citizen is willing to listen and voluntarily answers.

> On the other hand, an investigative detention occurs when a person yields to the police officer's show of authority under a reasonable belief that he is not free to leave. When the court is conducting its determination of whether the interaction constituted an encounter or a detention, the court focuses on whether the officer conveyed a message that compliance with the officer's request was required. The question is whether a reasonable person in the citizen's position would have felt free to decline the officer's requests or otherwise terminate the encounter. In determining what factors may contribute to what a reasonable person might have perceived during a given interaction with an officer, the United States Supreme Court opinion in *Mendenhall* is instructive:

4

Examples of circumstances that might indicate a seizure . . . would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.

*Crain v. State*, 315 S.W.3d 43, 49–50 (Tex. Crim. App. 2010) (footnotes and emphasis omitted).

Here, both Officers Harris and Blunt testified that they had no reason to believe that Phillips was engaged in criminal activity when they initially spotted him running from the residential area. Rather, Officer Harris followed Phillips merely "to try to see what was going on." When he caught up to Phillips, Officer Harris did not say "stop" or "freeze" or address some other command at Phillips. Instead, Officer Harris made his presence known by saying, "Hey, Lonnie, it's the police." Although Officer Harris immediately thereafter asked Phillips to "please" remove his hand from his pocket, Officer Harris explained at trial that it is standard procedure to make that request in order to protect his safety: "I don't know what's in their pocket. I don't know if there's knives or guns or anything else, which people do have at times." Phillips removed his hand from his pocket and consented to a search. The encounter occurred in an alley behind a motel, a public place, and there was another person in the alley working on the motel, about ten to fifteen feet away. There is no evidence that Officer Harris or Officer

Blunt displayed any weapons or physically touched Phillips before he consented to a search of his person.

A review of the totality of the circumstances thus demonstrates that a reasonable person in Phillips's position would have felt free to terminate the encounter with Officers Harris and Blunt and leave. *See United States v. Mendenhall*, 446 U.S. 544, 554, 100 S. Ct. 1870, 1877 (1980). Accordingly, viewing the evidence in the light most favorable to the trial court's ruling, we hold that the initial interaction between Phillips and the officers was a consensual encounter; consequently, the protections of the Fourth Amendment were not triggered. *See Woodard*, 341 S.W.3d at 411; *Wiede*, 214 S.W.3d at 25. We overrule Phillips's only point and affirm the trial court's judgment.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 13, 2014