

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00184-CR

CHARLES JEROME MCCLENTY                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

### FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY
### TRIAL COURT NO. 1312934

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

After the trial court denied Appellant Charles Jerome McClenty's motion to suppress, he pleaded guilty to driving while intoxicated. In one issue, McClenty argues that the trial court abused its discretion by denying his suppression

---

[1]*See* Tex. R. App. P. 47.4.

motion because the arresting officer allegedly lacked reasonable suspicion to stop him. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Mark Allen, the general manager of a bar, called 911 because a verbal altercation between McClenty and others at the bar "was about to turn violent." Allen described McClenty as the most irate person involved. Officer Matthew Visser responded to the call. From the dispatch, he understood that six or more persons were "possibly getting ready to fight or fight in the parking lot." Officer Visser knew Allen from Allen's prior calls involving intoxicated persons.

When Officer Visser arrived at the bar about two or three minutes after the call, he saw Allen standing outside pointing at a car that was leaving; Allen was pointing at McClenty's car, and he loudly told Officer Visser, "[T]hat guy right there. . . . [T]hat vehicle that's leaving right there." Officer Visser followed McClenty and stopped him by activating his lights and siren.

Officer Visser testified that he stopped McClenty to investigate whether a breach of the peace or an assault had taken place. When Officer Visser began talking with McClenty, he smelled a strong odor of alcoholic beverage and observed that McClenty's eyes were bloodshot and watery and that he was speaking "kind of thick-tongued." Officer Visser arrested McClenty for driving while intoxicated, and McClenty moved to suppress the evidence of his intoxication, arguing that Officer Visser lacked reasonable suspicion to stop his car.

2

## III. STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

When, as here, there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *see Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). We then review the trial court's legal ruling de novo unless the implied fact findings supported by the record are also dispositive of the legal ruling. *State v. Kelly*, 204 S.W.3d 808, 819 (Tex. Crim. App. 2006).

## IV. REASONABLE SUSPICION FOR AN INVESTIGATIVE STOP

### A. The Law on Reasonable Suspicion

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). An officer conducts a lawful temporary detention when he or she has reasonable suspicion to believe that an individual is violating the law. *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford*, 158 S.W.3d at 492.

### B. Application of the Law to the Facts

Officer Visser had specific, articulable facts that provided reasonable suspicion to believe McClenty had violated the law. Specifically, Officer Visser could have reasonably suspected that McClenty had assaulted someone[2] or had

---

[2]A person commits an assault by intentionally, knowingly, or recklessly causing bodily injury to another or by intentionally or knowingly threatening another with imminent bodily injury. *See* Tex. Penal Code Ann. § 22.01 (West Supp. 2014).

4

committed disorderly conduct.[3]   Officer Visser received information that a fight was imminent, and there was a lapse of two to three minutes between his receipt of this information and his arrival at the bar.   Upon arriving, Allen, whom Officer Visser knew from previous encounters, identified McClenty as a culprit.   Because McClenty was leaving, Officer Visser faced the decision of letting him go while he stayed to clarify with Allen what had occurred or of stopping McClenty to investigate his involvement in the anticipated fight.   As the court of criminal appeals observed, "The Fourth Amendment does not require an officer 'to simply shrug his shoulders and allow . . .  a criminal to escape.  On the contrary, *Terry* recognizes that it may be the essence of good police work to adopt an intermediate response.'"  *State v. Kerwick*, 393 S.W.3d 270, 276 (Tex. Crim. App. 2013) (quoting *Adams v. Williams*, 407 U.S. 143, 145, 92 S. Ct. 1921, 1923 (1972)).

The facts of this case are similar to those in *Kerwick*.  In *Kerwick*, an officer was dispatched to a bar in response to a reported fight.  *Id.* at 272.  On arriving,

---

[3]Officer Visser did not mention disorderly conduct (although he might have meant it when he said "breach of the peace" because breach of the peace is not a codified offense but is mentioned in the disorderly-conduct statute), but our determination of whether he had reasonable suspicion looks to whether any objective basis for the stop existed.  *See Ford*, 158 S.W.3d at 492.  A person commits disorderly conduct by intentionally or knowingly using abusive, indecent, profane, or vulgar language in a public place that tends to incite an immediate breach of the peace; abusing or threatening a person in a public place in an obviously offensive manner; making unreasonable noise in a public place; or fighting with another in a public place.  *See* Tex. Penal Code Ann. § 42.01(a)(1), (4)–(6) (West Supp. 2014).

5

an "unidentified person," the owner of a damaged vehicle, pointed to Kerwick's car and said "[T]here they are right there. There they are, there they are." *Id.* The officer, responding to the unidentified person's complaint, approached Kerwick's car on foot, but the car began to move, and the officer ordered Kerwick, who was the driver, to stop. *Id.* When the officer talked to Kerwick, the officer smelled a strong odor of alcohol and observed that Kerwick had bloodshot and watery eyes. *Id.* The officer arrested Kerwick for driving while intoxicated, and Kerwick moved to suppress the evidence of intoxication on the grounds that the officer lacked reasonable suspicion to stop her. *Id.* at 271. The court of criminal appeals disagreed with Kerwick, holding that

> [i]n light of the damaged vehicle and the presence of several people outside of the bar after a report of several people fighting, and the clear identification of Kerwick's vehicle, the statement [by the unidentified person] provided a rational basis for [the Officer] to infer that the person whose vehicle was damaged was a potential crime victim and was identifying the person or persons responsible for the damage.

*Id.* at 276.

Like the officer in *Kerwick*, Officer Visser was dispatched to quell a disturbance at a bar, and upon arriving at the bar, someone directed him to follow a person seemingly responsible for the disturbance. The facts of this case are stronger than those in *Kerwick*, however, because Officer Visser knew the person directing him; in *Kerwick*, the officer followed the directive of an "unidentified person." *See id.* at 272. Here, Officer Visser knew Allen, had worked with him in the past relating to disruptive bar patrons, received the 911

6

call from Allen,[4] and recognized Allen when he arrived.  In other words, "The informant was known to him personally and had provided him with information in the past.  This is a stronger case than obtains in the case of an anonymous telephone tip."  *Adams v. Williams*, 407 U.S. 143, 146, 92 S. Ct. 1921, 1923 (1972); *see Derichsweiler*, 348 S.W.3d at 914 (emphasizing the higher reliability of known citizen-informants).

Because the totality of the circumstances provided specific, articulable facts that, when combined with rational inferences from those facts, lead Officer Visser to reasonably conclude McClenty had engaged in criminal activity, we hold that the trial court did not abuse its discretion by denying his motion to suppress.  *See Ford*, 158 S.W.3d at 492; *see also Kerwick*, 393 S.W.3d at 276 (holding in similar but weaker circumstances that reasonable suspicion of criminal activity existed).  We overrule McClenty's sole issue on appeal.

## V. CONCLUSION

Having overruled McClenty's sole issue, we affirm the trial court's order denying his motion to suppress and the court's subsequent judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

---

[4]Reasonable suspicion is premised on the "cumulative information known to the cooperating officers," which includes a 911 police dispatcher. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 26, 2015

8