# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00098-CR

**Brian Vincent Robinson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 70532, HONORABLE JOHN GAUNTT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Brian Vincent Robinson appeals his conviction for possession of cocaine. In a single issue, he challenges the district court's order denying his motion to suppress evidence of cocaine obtained during a traffic stop. Robinson contends that the traffic stop which resulted in his arrest was based on a literal and erroneous reading of the Transportation Code section on the use of turn signals. We will affirm the district court's judgment of conviction.

## BACKGROUND

Sergeant Tyler McEowen testified that he received information from a detective with the Organized Crime Division of the Killeen Police Department that a subject was selling narcotics out of a 2006 silver Audi. The detective provided the Audi's temporary license plate number and instructed McEowen to stop the vehicle if he observed a traffic violation. McEowen testified that shortly after 5:00 p.m. he located the car in the downtown Killeen area, and he followed the vehicle

for a short while. McEowen noted that on two occasions the driver failed to signal within 100 feet of an intersection, instead pulling completely up to the stop sign and only then signaling the turn.

McEowen stopped the vehicle and asked the driver, Robinson, for his license. Robinson told McEowen that he did not have a valid driver's license in his possession. McEowen ran Robinson's name and discovered that his license had expired, then arrested Robinson for driving without a valid driver's license. In a search incident to the arrest, McEowen found a small baggie containing a white powdery substance in Robinson's right front pocket. The substance field tested positive for cocaine, confirmed by later analysis. This possession became the basis for Robinson's conviction.

Robinson was charged by indictment with the state jail felony offense of possession of cocaine (less than one gram). *See* Tex. Health & Safety Code § 481.115. Robinson entered a not guilty plea before a jury, and his case proceeded to trial. The jury found him guilty, and punishment was assessed by the district court at two years' confinement in state jail.

Robinson filed a motion to suppress evidence obtained in a search of his person incident to arrest. Robinson's sole issue on appeal pertains to the district court's ruling on his motion to suppress. During the suppression hearing, Robinson argued that Sgt. McEowen did not have probable cause to initiate the traffic stop, nor did he have effective consent to search Robinson's person. At the conclusion of the suppression hearing, the district court found: (1) Robinson's vehicle was stopped pursuant to a traffic violation; and (2) the search of Robinson's person was incident to a lawful arrest for driving with a suspended license. The district court denied Robinson's motion to suppress.

**DISCUSSION**

We review a trial court's ruling on a motion to suppress evidence for an abuse of discretion, applying a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). An abuse of discretion occurs when the ruling is so clearly wrong as to be outside the zone of reasonable disagreement. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). Under the bifurcated standard applied to motions to suppress, we review *de novo* the application of the law to the facts of the case, however we afford almost total deference to the trial court's determination of the facts where that determination is dependent upon the credibility and demeanor of the witnesses. *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005). The trial court's ruling must be upheld if it is correct under any theory of applicable law. *Id.*

Robinson asserts that the legislature could not have intended to require use of a turn signal in every circumstance when a driver makes a turn. Texas Transportation Code section 545.104 states:

> (a) An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.

> (b) An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

Tex. Transp. Code § 545.104(a), (b). In interpreting statutes we must seek to effectuate the intent or purpose of the legislature and, where the statutory language is clear and unambiguous, the plain meaning of the words should be applied. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

An automobile stop must be reasonable under the Fourth Amendment, and as a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996). When a traffic violation is committed within an officer's view, he may lawfully stop and detain the person for that violation. *Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). A violation of Transportation Code section 545.104 by failure to signal a turn is a violation of the law and can be grounds for a traffic stop. *See* Tex. Transp. Code § 545.104; *Perez v. State*, No. 03-98-00465-CR, 1999 WL 546847, at *3 (Tex. App.—Austin July 29, 1999, no pet.) (mem. op., not designated for publication); *see also State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011).

Robinson argues that the violation does not justify the traffic stop leading to his arrest because a literal reading of section 545.104 will not work in every situation and can "lead to absurdity." Robinson does not dispute that he failed to signal his turn at least 100 feet before that turn as required by section 545.104. Rather, he contends that there is no evidence adduced that he could have signaled at least 100 feet before turning because there was no evidence that the particular roadway was long enough to afford him that opportunity. Robinson goes on to argue the "absurdity" of imposing a necessity upon a driver to make a decision on whether to turn before he needs or wants and where it does not further safety, because it "compromises freedom of lawful movement upon the roadway."

In response to Robinson's argument, the State cites a case from this Court, *State v. Kidd*, in which the sole issue was the lawfulness of a traffic stop for failure to signal intent to turn not less than 100 feet under section 545.104(b). No. 03-09-00620-CR, 2010 WL 5463893, at *1 (Tex. App.—Austin Dec. 30, 2010, no pet.) (mem. op., not designated for publication). In *Kidd*, we

4

rejected arguments similar to Robinson's and held that the plain language of the statute "provides a bright-line rule for both drivers of motor vehicles and police officers charged with enforcing the law." *Id.* at *2. The State also cites *Williams v. State*, in which the appellant argued that the signal requirement produced an absurd result because it required a driver to signal a turn where safety was not furthered. No. 05-02-00314-CR, 2002 WL 31521373, at *2 (Tex. App.—Dallas Nov. 14, 2002, pet. ref'd) (mem. op., not designated for publication). The Dallas Court of Appeals concluded that the statute was clear and unambiguous and its plain language required a signal anytime a turn is made from one street onto another, not merely in situations where safety is involved. *Id.*

Likewise, the State here argues that the legislative intent of section 545.104 is clear and unambiguous. We agree. The statute lists no exceptions, nor is there any indication that the legislature intended it to be optional or applicable only in instances where safety is shown to be furthered. The district court found that the stop was pursuant to a traffic violation and the search of Robinson's person was justified as being pursuant to a lawful arrest for driving with a suspended license. The district court did not abuse its discretion by denying Robinson's motion to suppress, and as such, we overrule his appellate issue and affirm the district court's judgment of conviction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed: June 25, 2015

Do Not Publish

5