

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00370-CR

**REGINALD ANTWON SCOTT,**

                                             **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                             **Appellee**

---

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2015-913-C1

---

## MEMORANDUM OPINION

---

Reginald Antwon Scott entered a plea of not guilty by reason of insanity to the offenses of stalking and criminal mischief. The trial court found that Appellant was not guilty by reason of insanity and ordered Appellant committed to the Texas Department of State Health Services State Hospital Forensic Clearinghouse or to any other facility determined appropriate by the local mental health authority for a period not to exceed thirty days. Appellant appeals the order of commitment. We affirm.

In the sole issue on appeal, Appellant argues that the trial court erred in finding that he placed another in imminent danger of serious bodily injury. Texas Code of Criminal Procedure Article 46C.157 provides:

> If a defendant is found not guilty by reason of insanity, the court immediately shall determine whether the offense of which the person was acquitted involved conduct that:
> (1) caused serious bodily injury to another person;
> (2) placed another person in imminent danger of serious bodily injury; or
> (3) consisted of a threat of serious bodily injury to another person through the use of a deadly weapon.

TEX. CODE CRIM. PROC. ANN. art. 46C.157 (West 2006). The trial court found that Appellant's conduct placed another person in imminent danger of serious bodily injury.

We have found no cases addressing the standard of review for a trial court's finding under Article 46C.157. We will follow the standard of review established for other trial court rulings. When reviewing a trial court's ruling on a mixed question of law and fact the court of appeals may review de novo the trial court's application of the law to the facts of the case. *See Estrada v. State*, 154 S.W.3d 604, 607 (Tex.Crim.App. 2005). We review de novo the trial court's legal conclusions unless its explicit fact-findings that are supported by the record are also dispositive of the legal ruling. *See State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006).

Grace Sigler is 89 years-old and lives alone. In May or June of 2014, Appellant began coming onto Sigler's property and also loitering in the alley behind her house. Sigler also saw Appellant looking into her front door window. In July 2014, Sigler was

informed by a neighbor that Appellant had been standing on her front porch looking through her door. Appellant was given a warning to stay off of Sigler's property. In July 2014, Appellant was arrested for an incident where he was trespassing on Sigler's neighbor's property. Appellant was incarcerated for those charges until January 2015.

In January 2015 soon after his release, Appellant again started coming onto Sigler's property. On January 9, 2015, a neighbor saw Appellant standing in Sigler's front yard. That night, Sigler turned on her front porch light, and after a few minutes the light went out. The next morning Sigler saw that the light bulb had been removed from the light fixture.

On February 9, 2015, Sigler's power went off at her residence. When her son-in-law came to check on the problem, he found that all of the switches in the breaker box were turned off. Her son-in-law turned the breakers back on and installed a lock on the breaker box. A neighbor saw Appellant jump the fence and go into Sigler's backyard on that day prior to Sigler's loss of power in her home.

On February 11, 2015, Sigler's power went off again. Sigler's daughter and son-in-law went to the residence and discovered that the entire electric meter had been removed. Sigler's fence was also damaged. A neighbor saw Appellant pulling on Sigler's fence a few hours before the power went off. Later, Sigler's electric meter was found in a neighbor's garage, and the meter had been set on fire. Appellant's mother identified

the bottle of lighter fluid used to start the fire as coming from her house. Appellant was given another warning to stay off of Sigler's property.

On the night of February 12, 2015, Sigler heard someone banging on the back of her house. A neighbor saw Appellant in Sigler's backyard, and he was attempting to remove the lock on the electric meter by hitting it with a brick. The neighbor called the police. Appellant was later apprehended.

Appellant was charged with stalking and criminal mischief for the incidents involving Sigler. After finding Appellant not guilty by reason of insanity, the trial court was required to "immediately" determine whether the offense for which Appellant was acquitted involved conduct that: (1) caused serious bodily injury to another person; (2) placed another person in imminent danger of serious bodily injury; or (3) consisted of a threat of serious bodily injury to another person through the use of a deadly weapon. TEX. CODE CRIM. PROC. ANN. art. 46C.157 (West 2006). The trial court found that the offenses involved conduct that placed another person in imminent danger of serious bodily injury.

"Serious bodily injury" is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." TEX. PENAL CODE ANN. § 1.07(a)(46) (West Supp. 2016). Article 46C.157 allows for an evaluation of Appellant's conduct surrounding the offenses. The evidence shows Appellant's escalating actions

toward Sigler.  He began by trespassing on her property, and his conduct escalated to setting her property on fire.  Appellant used a brick to remove a lock from Sigler's property.  The trial court did not err in finding that the offenses involved conduct that placed another in imminent danger of serious bodily injury.  We overrule the sole issue on appeal.

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed July 26, 2017
Do not publish
[CR25]

*(Chief Justice Gray concurs in the judgment of the court to the extent that it affirms the trial court's judgment of commitment.  A separate opinion will not issue.)

