

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00069-CR

**REGINALD ANTWON SCOTT,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 19th District Court
McLennan County, Texas
Trial Court No. 2015-913-C1

## MEMORANDUM OPINION

Reginald Antwon Scott entered a plea of not guilty by reason of insanity to the offenses of stalking and criminal mischief. The trial court found that Appellant was not guilty by reason of insanity and ordered an initial temporary commitment for a period not to exceed 30 days and for a mental health evaluation pursuant to TEX. CODE CRIM. PROC. ANN. art. 46C.251 and 46C.252 (West 2006). Appellant appealed the order of commitment, and on July 26, 2017, this Court affirmed the trial court's order of

commitment in Cause No. 10-16-00370-CR. On February 27, 2017, the trial court conducted a Hearing on Disposition as provided by TEX. CODE CRIM. PROC. ANN. art. 46C.253 (West 2006) and rendered an Order of Commitment to Inpatient Facility pursuant to TEX. CODE CRIM. PROC. ANN. art. 46C.256 (West 2006). Appellant appeals from the trial court's order. We affirm.

## Background Facts

In May or June of 2014, Appellant began coming onto the property of Grace Sigler, who was 89 years-old at the time, and lived alone. Sigler saw Appellant looking into her front door window, and was informed by a neighbor that Appellant had been standing on her front porch looking through her door. On February 9, 2015, Sigler's power went off at her residence. When her son-in-law came to check on the problem, he found that all of the switches in the breaker box were turned off. Her son-in-law turned the breakers back on and installed a lock on the breaker box. A neighbor saw Appellant jump the fence and go into Sigler's backyard on that day prior to Sigler's loss of power in her home.

On February 11, 2015, Sigler's power went off again. Sigler's daughter and son-in-law went to the residence and discovered that the entire electric meter had been removed. Sigler's fence was also damaged. A neighbor saw Appellant pulling on Sigler's fence a few hours before the power went off. Later, Sigler's electric meter was found in a neighbor's garage, and the meter had been set on fire. Appellant's mother identified

the bottle of lighter fluid used to start the fire as coming from her house. Appellant was given another warning to stay off of Sigler's property.

On the night of February 12, 2015, Sigler heard someone banging on the back of her house. A neighbor saw Appellant in Sigler's backyard, and he was attempting to remove the lock on the electric meter by hitting it with a brick. The neighbor called the police. Appellant was later apprehended.

## Order of Commitment

In the sole issue on appeal, Appellant argues that the trial court erred in finding that he was likely to cause serious bodily injury to another in the future. When reviewing a trial court's ruling on a mixed question of law and fact the court of appeals may review de novo the trial court's application of the law to the facts of the case. *See Estrada v. State*, 154 S.W.3d 604, 607 (Tex.Crim.App. 2005). We review de novo the trial court's legal conclusions unless its explicit fact-findings that are supported by the record are also dispositive of the legal ruling. *See State v. Kelly*, 204 S.W.3d 808, 818 (Tex.Crim.App. 2006). Article 46C.256 provides:

> (a) The court shall order the acquitted person committed to a mental hospital or other appropriate facility for inpatient treatment or residential care if the state establishes by clear and convincing evidence that:
>
> > (1) the person has a severe mental illness or mental retardation;
> >
> > (2) the person, as a result of that mental illness or mental retardation, is likely to cause serious bodily injury to another if the person is not provided with treatment and supervision; and

(3) inpatient treatment or residential care is necessary to protect the safety of others.

(b) In determining whether inpatient treatment or residential care has been proved necessary, the court shall consider whether the evidence shows both that:

(1) an adequate regimen of outpatient or community-based treatment will be available to the person; and

(2) the person will follow that regimen.

(c) The order of commitment to inpatient treatment or residential care expires on the 181st day following the date the order is issued but is subject to renewal as provided by Article 46C.261.

TEX. CODE CRIM. PROC. ANN. art. 46C.256 (West 2006).

In conducting a legal sufficiency review when the burden is clear-and-convincing, the reviewing court must consider all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction as to the truth of the allegations sought to be established. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex.2002); *House v. State*, 261 S.W.3d 244, 247 (Tex.App.-Houston [14 Dist.] 2008, no pet). In conducting a factual sufficiency review in this context, the reviewing court gives due consideration to evidence that the factfinder reasonably could have found to be clear and convincing. *In re J.F.C.*, 96 S.W.3d at 266; *House v. State*, 261 S.W.3d at 247.

Appellant waived the right to be present at the hearing on disposition. At the hearing, the State introduced the physician's certificate of medical examination of Dr. Gail Johnson and Dr. Kirby Turner. Dr. Johnson found that Appellant is mentally ill and

is likely to cause serious harm to others. Appellant made statements to Dr. Johnson that "I am safe here" and "I have no problems" and "Today is Monday." Dr. Johnson indicated that the examination revealed that Appellant had: "No abnormal psychomotor movements, affect blunted, mood 'good' no thought of harm to self or others. Poor insight. Poor judgment." Dr. Johnson recommended continued inpatient hospitalization finding that Appellant has severe mental illness and that condition will continue for more than 90 days.

Dr. Turner found that Appellant's mental diagnosis is paranoid schizophrenia and that he has a history of noncompliance with treatment. Dr. Turner further found that Appellant is likely to cause serious harm to others. Dr. Turner noted that Appellant has multiple prior psychiatric hospitalizations. At the time of the mental examination, Appellant indicated "I'm not going to be seen." Dr. Turner found that Appellant has limited improvement in his mental illness to date and that in his opinion Appellant's condition will continue for more than 90 days.

Appellant argues that Dr. Turner's certificate of medical examination contains no useable information because he never conducted an examination of Appellant. However, Dr. Turner's certificate of medical examination states that his opinion is based upon medical records and patient interview. Dr. Turner indicated that Appellant refused to be seen, but Dr. Turner was still able to find that Appellant is mentally ill and likely to cause serious harm to others.

The State presented evidence that Appellant has a severe mental illness, that Appellant is likely to cause serious harm to others, and that inpatient care or residential treatment is necessary to protect the safety of others. The record supports the trial court's order of commitment pursuant to TEX. CODE CRIM. PROC. ANN. art. 46C.256 (West 2006).

**Conclusion**

We affirm the trial court's judgment.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
(Chief Justice Gray dissenting with a note)*
Affirmed
Opinion delivered and filed October 25, 2017
Do not publish
[CR25]

*(Chief Justice Gray dissents. A separate opinion will not issue. He notes, however, that the medical experts provide no factual basis to support their otherwise conclusory opinions about Scott's mental health, and in particular, that he was a danger to others. The scant evidence presented in this proceeding is not as much as was found to be insufficient in *House v. State*, 222 S.W.3d 497 (Tex. App.—Houston [14th] 2007, pet. denied)(*House I*). Moreover, in *House v. State,* 261 S.W.3d 244 (Tex. App.—Houston [14th] 2008, no pet.)(*House II*) the State made a thorough showing of what is necessary to keep a violent, dangerous, mentally ill, patient detained against his will by establishing not only that he was mentally ill, but also explaining why his conduct over the intervening year supported the mental health experts' conclusions that he was a present danger to others such that his continued inpatient treatment was essential. What we have in this proceeding is a far cry, an extremely far cry, from that level of evidence. Mental health is admittedly a difficult science. Nobody wants to be the agency, doctor, or judge who

allows a mentally ill person to be released, who then causes any type of injury to another person. The victim in the underlying crime in this case is a compelling example of the type citizen we all want to protect. But living in a free society, we do not lock up the mentally ill just because they are difficult to control or tend to engage in behavior that interferes with the rights of others. Mr. Scott is mentally ill. There really is no doubt about that. But the State of Texas failed to prove that he was a danger to others. Chief Justice Gray respectfully dissents from the judgment of the Court to the extent that it affirms the trial court's order of commitment.)

