

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00408-CR

_____

CHASE DANIEL KILLION, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 1
Tarrant County, Texas
Trial Court No. 1497685

---

Before Gabriel, Kerr, and Pittman, JJ.
Memorandum Opinion by Justice Pittman

# MEMORANDUM OPINION

Appellant Chase Daniel Killion appeals from his conviction for driving while intoxicated. In his sole point, Appellant argues that the trial court erred in denying his motion to suppress. Because we hold that sufficient evidence supported the trial court's ruling, we affirm.

## BACKGROUND

The State charged Appellant by information with driving while intoxicated with a blood alcohol content of 0.15 or more. The information included an enhancement paragraph alleging a prior misdemeanor conviction for deadly conduct. Appellant filed a motion to suppress asserting that he had been arrested and detained without a warrant and without probable cause that he had committed a traffic violation or that a crime was in progress. The trial court denied the motion after a hearing.

The trial court made the following findings of fact and conclusions of law:

> 1. On 2/15/2017, Officer [Cleburn] Eardley of the Sansom Park Police Department was traveling on S[tate] Highway 199 in Sansom Park, TX when he saw a motor vehicle traveling on the same highway in the opposite direction. The officer made a u-turn and proceeded to catch up with the vehicle once they were traveling the same direction.
>
> 2. The driver of the motor vehicle was eventually identified as [Appellant].
>
> 3. Officer Eardley, a credible witness, testified, and the Court so finds, that as the officer traveled behind [Appellant]'s vehicle, [Appellant]'s vehicle veered off to the improved shoulder to the right of the highway 3 times.

2

4.      Officer Eardley believed that [Appellant] did not drive entirely within a single lane and also that [Appellant]'s movement from his lane was not safe because he was traveling in close proximity to cars in front of him, and those drivers ahead of [Appellant] could become distracted due to [Appellant]'s repeated drifting to the right in a short period of time directly behind them.

5.      Because [Appellant] did not drive entirely within a single lane, and it was unsafe to do so, the officer believed [Appellant] was in violation of Texas Transportation Code [Section] 545.060.[1]

6.      The Officer also cited witnessing a second traffic code violation, namely Texas Transportation Code [Section] 545.058,[2] or driving on an improved shoulder.  None of the 7 exceptions allowing [Appellant]'s vehicle to legally drive on an improved shoulder were present.

7.      Other factors the Officer listed as reasons for the stop included the time of day, close proximity to bars in the area, direction of travel, repeatedly touching or crossing the line multiple times in a short period of time, and touching or crossing the solid line multiple times in a short 2 block distance.  Officer [Eardley] claimed these factors indicated to him reasonable suspicion that a crime might have been in progress, specifically Driving While Intoxicated.

8.      Due to the violations of the [T]ransportation [C]ode noted above, and the other factors listed, Officer Eardley performed a traffic stop and observed signs of intoxication.

. . . .

Based on the above findings, the Court concludes that reasonable suspicion did exist for Officer Eardley to stop [Appellant's] vehicle.

---

[1]*See* Tex. Transp. Code Ann. § 545.060 (regulating movement between marked traffic lanes).

[2]*See id.* § 545.058 (restricting driving on an improved shoulder).

After the trial court denied his suppression motion, Appellant pled guilty under a plea agreement in which the State agreed to waive the information's enhancement paragraph. In accordance with the plea agreement, the trial court sentenced Appellant to forty days' confinement in jail and a $500 fine. Appellant now brings this appeal.

## POINT ON APPEAL

In one point, Appellant argues that the trial court erred by denying his motion to suppress because Officer Eardley lacked reasonable suspicion that Appellant either violated the Texas Transportation Code or was driving while intoxicated.

## STANDARD OF REVIEW

We apply a bifurcated standard of review to a trial court's ruling on a motion to suppress evidence. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We defer almost totally to a trial court's rulings on questions of historical fact and application-of-law-to-fact questions that turn on evaluating credibility and demeanor, but we review de novo application-of-law-to-fact questions that do not turn on credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).

Stated another way, when reviewing the trial court's ruling on a suppression motion, we must view the evidence in the light most favorable to the ruling. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we

4

determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. *Kelly*, 204 S.W.3d at 818–19. We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of that ruling. *Id.* at 818.

## **DISCUSSION**

We begin with Appellant's argument that Officer Eardley lacked reasonable suspicion that Appellant violated Texas Transportation Code Section 545.058. Under that statute, a vehicle operator "may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely," but only for one of seven purposes listed in the statute, such as to allow a faster-traveling vehicle to pass. Tex. Transp. Code Ann. § 545.058(a). Appellant admits that none of the seven statutory reasons existed in this case. But he contends that "his momentary, slight drift over the fog line"[3] did not give rise to reasonable suspicion that he drove on the improved shoulder.

## I.     **The State Produced Evidence Supporting a Finding that Appellant's Truck Crossed the Fog Line.**

At the hearing on the motion to suppress, the State called Officer Eardley as its only witness. Officer Eardley testified that on February 15, 2017, at around

---

[3]Like the parties, we use the term "fog line" to refer to the solid white line marking the boundary of a lane—in this case, the right-hand lane—and the shoulder. *See Reyna v. State*, No. 03-16-00774-CR, 2017 WL 2926650, at *1 n.3 (Tex. App.—Austin July 6, 2017, no pet.) (mem. op., not designated for publication) (defining "fog line").

10:50 p.m., he was driving on State Highway 199 in Tarrant County. Appellant was driving a Dodge Ram in the opposite direction on State Highway 199. Officer Eardley made a u-turn, which placed him behind Appellant. Officer Eardley testified that he decided to stop Appellant after he saw Appellant's truck veer three times onto the improved right-hand shoulder, crossing the white fog line to do so. Officer Eardley stated that crossing the fog line onto the improved shoulder violated the Texas Transportation Code. Officer Eardley further testified that based on his training and experience, given the time of day, Appellant's travel direction and relative closeness to nearby bars—about three blocks away—and Appellant's crossing the fog line three times in a short distance, he thought Appellant was possibly driving while impaired.

The State played a video from Officer Eardley's dash camera. In the video, Appellant's truck clearly moves to the right side of his lane three times. For the first two rightward movements, his right tires appear to cross the fog line and move onto the shoulder, but on the second instance, the video is dark and therefore unclear. Because the trial court found Officer Eardley's testimony credible, we must defer to the trial court's finding on those two instances. *See Amador*, 221 S.W.3d at 673.

For the third instance, Officer Eardley's vehicle is closer to Appellant's, and the video is lighter and therefore clearer. The video shows Appellant's right tires drive onto the fog line. In the next moment, Appellant's right tires begin to move across the fog line onto the right shoulder, and Officer Eardley simultaneously turns on his

6

lights to stop Appellant. Thus, while Appellant did cross over the fog line a third time, Officer Eardley did not witness his tires actually move onto the shoulder before deciding to stop Appellant. Consequently, we do not accept his testimony that he stopped Appellant *after* seeing Appellant's right tires actually cross onto the shoulder a third time. *See State v. Duran*, 396 S.W.3d 563, 570 (Tex. Crim. App. 2013) (stating that appellate courts may review *de novo* indisputable visual evidence contained in a videotape).

However, we note that the evidence still supports the trial court's most relevant fact findings. While the trial court found that Appellant's vehicle veered to the improved right shoulder three times, it did not find reasonable suspicion based on three instances; rather it found that Officer Eardley stopped Appellant based on, among other factors, Appellant's "touching or crossing the line *multiple* times" and that Officer Eardley cited witnessing a violation of Section 545.058 as a basis for the stop. [Emphasis added.]

## II. The Evidence Supports Reasonable Suspicion.

At the suppression hearing, the State had to establish that Officer Eardley had reasonable suspicion that Appellant violated the law, not that Appellant actually did. *See Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015) ("The question in this case is not whether [the] appellant was guilty of the traffic offense but whether the trooper had a reasonable suspicion that she was."). The record supports reasonable suspicion that Appellant drove on the improved right shoulder in violation

7

of Section 545.048(a). Even if we disregard Appellant's third instance of crossing the right fog line, the State's evidence supported a finding that Appellant's right tires fully crossed the line twice, as Appellant acknowledges. The State produced evidence, which the trial court found credible, that Appellant's right tires crossed onto the right shoulder on two occasions in less than twenty seconds. While briefly touching the fog line one time does not necessarily support reasonable suspicion of a violation of Section 545.058, *State v. Cortez*, 543 S.W.3d 198, 206 (Tex. Crim. App. 2018), Appellant's driving did. *See Tyler v. State*, 161 S.W.3d 745, 750 (Tex. App.—Fort Worth 2005, no pet.) (holding that officer's seeing the appellant's right tires crossing fog line and straddling it for a few moments was sufficient to give the officer reasonable suspicion that the appellant violated Section 545.058); *see also Stegal v. State*, No. 05-16-00098-CR, 2017 WL 1536516, at *4 (Tex. App.—Dallas Apr. 26, 2017, no pet.) (mem. op., not designated for publication) (concluding that the deputy had objective facts and rational inferences from those facts to support a reasonable suspicion of a violation of Section 545.058(a) when the appellant's right tires crossed the fog line for a few seconds at least twice); *State v. Hanath*, No. 01-08-00452-CR, 2010 WL 3833919, at *1, *4 n.4 (Tex. App.—Houston [1st Dist.] Sept. 30, 2010, no pet.) (mem. op., not designated for publication) (holding officer had reasonable suspicion to believe the appellee violated Section 545.058 after witnessing the appellee's two right tires briefly drift across the white fog line and onto the improved shoulder as the appellee rounded a curve in the road and stating that "the fact that the

8

two right tires on [the] appellee's truck were only on the shoulder for mere seconds does not affect the application of [S]ection 545.058(a)"); *State v. Wise*, No. 04-04-00695-CR, 2005 WL 2952357, at *3 (Tex. App.—San Antonio Oct. 26, 2005, no pet.) (mem. op., not designated for publication) (reversing trial court's grant of motion to suppress where officer testified that he saw the appellant veer onto the road's shoulder with both right tires and then correct her vehicle back into her lane).

Appellant asserts that the cases holding that a driver's tires crossing over the fog line gives rise to reasonable suspicion of a violation of Section 545.048(a) are distinguishable or should not be followed. However, we consider the cases we have cited to be analogous and persuasive. We overrule this part of Appellant's point.

Because the evidence regarding Appellant's Section 545.048(a) violations, viewed in the light most favorable to the trial court's ruling, supports the denial of the motion to suppress, we do not address Appellant's arguments that Officer Eardley lacked reasonable suspicion that Appellant violated Transportation Code Section 545.060 or that he was driving while intoxicated.

## CONCLUSION

Having overruled the dispositive part of Appellant's sole point, we affirm the trial court's denial of Appellant's motion to suppress.

/s/ Mark T. Pittman
Mark T. Pittman
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  January 31, 2019